[Civ. No. 1970.   Second Appellate District.—December 17, 1917.]

GEORGE L. EASTMAN, etc., Respondent, v. SUNSET PARK LAND COMPANY (a Corporation), Appellant.

PROMISSORY NOTE—PAYMENT IN U. S. GOLD COIN—NOTE PAYABLE IN MONEY—NEGOTIABLE INSTRUMENT.—A promissory note payable "in U. S. gold coin" is a note payable in money only within the meaning of section 3088 of the Civil Code, and therefore a negotiable instrument, notwithstanding the fact that it prescribes a particular kind of money.

ID.—ATTORNEY FEES IN CASE OF SUIT—NEGOTIABLE INSTRUMENT.—A promissory note containing an agreement that in case suit is instituted to collect the note the makers will pay such additional sum as the court may adjudge reasonable as attorney's fees in the suit is a negotiable instrument, although the amount is uncertain, since section 3087 of the Civil Code, defining a negotiable instrument as a promise to pay a sum certain, is modified by the exception contained in section 3088 that such an instrument may provide for the payment of attorney's fees and costs of suit in case suit be brought thereon to compel the payment thereof.

ID.—STATEMENT OF AMOUNT OF ATTORNEY'S FEES—PROVISION NOT ENFORCEABLE.—A provision in a promissory note for attorney's fees in a stated sum is not necessarily enforceable for the full amount stated, since it cannot be said from the nature of the case it would be impracticable or extremely difficult for the court, in the event of a breach of the contract and an action thereon, to fix the actual damage thus suffered by the holder of the note.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

John E. Biby, for Appellant.

Emmet H. Wilson, for Respondent.

CONREY, P. J.—The plaintiff being the owner of a promissory note made by the defendant Sunset Park Land Company in favor of defendant T. G. Rickman, brought this action and obtained judgment, from which the Sunset Park Land Company appeals. It is admitted that the judgment should be sustained if the note was a negotiable instrument. Appellant contends that the note was not a negotiable instrument because by its terms it was made payable "in U. S. gold coin," and because it contains an agreement that "in case suit is instituted to collect this note or any portion thereof, we promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit."

Section 3088 of the Civil Code, as it was when said note was made, read as follows: "A negotiable instrument must be made payable in money only and without any condition not certain of fulfillment, except that it may provide for the payment of attorney's fees and costs of suit, in case suit be brought thereon to compel the payment thereof." According to section 3087 of the Civil Code; "A negotiable instrument is a written promise or request for the payment of a certain sum of money to order or bearer, in conformity to the provisions of this article."

We are of the opinion that a note which is made payable in U. S. gold coin is a note payable in money only, notwithstanding the fact that the note prescribes a particular kind of money. Appellant claims that the negotiable character of the note is destroyed, in that by its terms it does not provide for the payment of a sum certain. Conceding that the sum is not certain, it is none the less our duty to give full effect to the exception stated in section 3088, notwithstanding that the amendment which enacted that exception did not in direct terms amend section 3087. In legal effect, it necessarily modifies the definition of a negotiable instrument by

leaving the amount of the attorney's fees uncertain. Even if the note had provided for attorney's fees in a stated sum, the amount would remain uncertain, since that would be only the maximum sum, and the court might allow only a smaller amount, if the sum stated in the note exceeded reasonable limits. This conclusion results from the fact that expenditures made for attorney fees in an action based upon a contract containing a stipulation for such fees are in the nature of special damages incidental to the breach of the contract and which, according to the terms of the contract, are to be compensated for in addition to recovery of the principal sum due. (*Prescott* v. *Grady*, 91 Cal. 518, [27 Pac. 755].) It cannot be said that from the nature of the case it would be impracticable or extremely difficult for the court, in the event of a breach of the contract and an action thereon, to fix the actual damage thus suffered by the holder of the note. Therefore, an agreement attempting to determine the amount of such damage in anticipation of a breach of the obligation is not enforceable. (Civ. Code, secs. 1670, 1671.) The maximum sum to be thus recovered might be limited in the contract, only for the reason that in the absence of an agreement for attorney fees no such fees could be recovered at all.

We think that the note in question was a negotiable instrument, and therefore the judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1918.