[Civ. No. 3042.    First Appellate District, Division Two.—September 12, 1919.]

BAYSIDE LAND COMPANY (a Corporation), Appellant, v. MRS. EVA PHILLIPS et al., Respondents.

[1] VENDOR AND VENDEE — FAILURE TO MAKE PAYMENTS AS AGREED — ACCEPTANCE OF LESS THAN AMOUNT DUE—WAIVER AND REVIVAL OF RIGHT OF FORFEITURE.—Where the vendees do not make payments punctually, and the vendor for nearly two years indulges them in this and accepts payments from time to time of less than the whole amount due at the time of such payments, such conduct operates as a waiver of that clause of the agreement making time the essence thereof, and creates such a temporary suspension of the right of forfeiture as can only be restored by giving definite and specific notice of an intention to enforce it.

[2] ID.—REVIVAL OF RIGHT OF FORFEITURE — BURDEN OF PROOF — EVIDENCE—FINDING.—In this action by the vendor to quiet title to certain real property in which the defendants claimed an interest

---

1. Vendor's acceptance of payment tendered after time specified as waiver of provision making time of essence of contract, note, 9 A. L. R. 996.

under a contract of purchase, the plaintiff having conceded the waiver of the right of forfeiture, the burden was on him to show a revival of the terms of the contract by proof of a definite and specific notice of the intention to enforce it; and as the evidence on this issue was evasive, indefinite, and conflicting, the trial court was justified in its finding that such notice was not given.

[3] ID.—FAILURE TO GIVE NOTICE—FINDINGS ON OTHER ISSUES IMMATERIAL.—In such action, the plaintiff having thus waived the right of forfeiture and having failed to prove the revival of that right, the trial court having found that notice of the intention to enforce the terms of the contract was not given, failure of the court to find on other issues became immaterial where a finding on each of those issues in favor of the plaintiff would not support a judgment in its favor.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bordwell & Mathews for Appellant.

Evans, Abbott & Pearce for Respondents.

NOURSE, J.—Action to quiet title to real property in which defendants claim an interest by reason of a written contract, entered into between the parties hereto, by which plaintiff agreed to sell and defendants agreed to buy said property. The trial court rendered judgment in favor of defendants, from which plaintiff appeals. Said contract was found by the court to have been executed on or about August 28, 1913. The provisions material to this appeal are as follows: "Said lot being sold for the sum of seven hundred ($700) dollars gold coin of the United States, and the said parties of the second part, in consideration of the premises, agree to pay to the said party of the first part the said sum of seven hundred ($700) dollars, as follows, to wit: The sum of seventy ($70) dollars, cash, receipt whereof is hereby acknowledged; the further sum of ten ($10) or more dollars on or before the twenty-eighth day of each and every month hereafter until the full amount of principal with interest on deferred payments has been fully paid; all to bear interest from date until paid at the rate of six (6) per cent per annum, payable and compounded semi-annually. And the said

parties of the second part agree to pay all state and county taxes, and assessments of whatsoever nature, which may become due on the premises above described. It is further agreed that time is of the essence of this contract, and in the event of a failure to comply with the terms hereof, by the said parties of the second part, said party of the first part shall be released from all obligations in law or equity to convey said property, and the said parties of the second part shall forfeit all right thereto."

Appellant contends that defendants' interest in said contract, and in the land therein involved, terminated on the twenty-seventh day of November, 1915, by reason of the exercise of the forfeiture clause therein contained. Defendants, on the other hand, deny plaintiff's right to exercise such forfeiture by reason of the waiver of that provision of the agreement.

It appears from the record that on November 27, 1915, the total amount paid on said contract was $177.43, principal and interest; that on said date there was a total delinquency of $231.15, made up as follows: Nineteen principal payments, amounting to $190; accumulated interest, amounting to $35.18; delinquent taxes, covering a period of two years, amounting to $5.97. It also appears that the last payment on the contract, amounting to $7.50, was made July 30, 1915; that some time subsequent to that date (the time is not otherwise fixed by any evidence) Mrs. Harmer, one of the defendants, attempted to make a further payment of five dollars, but that plaintiff refused to accept it, stating that the contract had been canceled November 27, 1915; that on March 20, 1916, defendants offered plaintiff a check for $290, the full amount then delinquent, but that plaintiff refused to accept the same.

[1] Appellant concedes that "defendants did not make payments punctually, and plaintiff for nearly two years indulged them in this and accepted payments from time to time of less than the whole amount due at the time of such payments." Plaintiff likewise concedes that such conduct operated as a waiver of that clause of the agreement making time the essence thereof, and created "such a temporary suspension of the right of forfeiture as could only be restored by giving definite and specific notice of an intention to enforce it." (*Stevinson* v. *Joy*, 164 Cal. 279, 285, [128 Pac. 751]; *Myers*

v. *Williams,* 173 Cal. 301, 304, [159 Pac. 982] ; *Burmester* v. *Horn,* 35 Cal. App. 549, 552, [170 Pac. 674] ; *Boone* v. *Templeman,* 158 Cal. 290, 297, [139 Am. St. Rep. 126, 110 Pac. 947].) Plaintiff, however, insists that such notice was given to defendants and that the provision making time the essence of the contract was thereby revived. Defendants deny the receipt of such notice and contend that the contract was still in force March 20, 1916, when plaintiff refused to accept the amount due thereunder. [2] The trial court found that the "plaintiff corporation has never given notice of cancellation or voidance of said contract." Having conceded the waiver of the right of forfeiture, the burden was on the appellant to show a revival of the terms of the contract by proof of a definite and specific notice of the intention to enforce it. As to this the evidence was evasive, indefinite, and conflicting, and the trial court was justified in making the finding above noted.

[3] A finding on this issue alone, taken with the concessions of appellant, is sufficient to support the judgment. Having thus waived the right of forfeiture and failed to prove the revival of that right, the failure of the court to find on other issues becomes immaterial on this appeal. (*Hertel* v. *Emireck* 178 Cal. 534, [174 Pac. 30] ; *Smith* v. *Smith,* 173 Cal. 725, [161 Pac. 495].) A finding favorable to appellant on each of these issues would not support a judgment in its favor in view of the general finding of want of notice.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.