[Civ. No. 3272. First Appellate District, Division Two.—February 10, 1920.]

# R. H. WEBBER et al., Appellants, v. PHILIP D. HERBERT et al., Respondents.

[1] VENDOR AND VENDEE—ACCEPTANCE OF OVERDUE PAYMENTS—DEMAND FOR PERFORMANCE OF CURRENT CONDITIONS AFTER DEFAULT—WAIVER OF RIGHT OF FORFEITURE.—Where a contract for the sale of land provides for the payment of the purchase price in annual installments, with interest payable semi-annually, and for the payment of all taxes and assessments by the vendees, and contains a clause making time of the essence of the contract and providing for forfeiture of all prior payments upon any default, but the vendors repeatedly accept payments from one or two days to more than two months after they become due, they will be held to have waived the provision of the contract making time of its essence and giving them the right to declare a forfeiture upon a subsequent default, particularly where, after the occurrence of such default, the vendors demanded of the assignee of an undivided interest of the vendees in the land that he pay the taxes for the succeeding tax year which became due, which he thereupon did.

[2] ID.—SHARP PRACTICES BY VENDORS—EQUITY.—A suit to quiet title to real property, following default of the vendees, is addressed to the equitable powers of the court; and in such an action any unquestioned evidence of sharp practices and overreaching is sufficient to defeat a complainant who has been guilty of such practices.

[3] ID.—DEMAND FOR PERFORMANCE OF CURRENT CONDITIONS—WAIVER OF PREVIOUS DEFAULT.—No party to a contract can insist on the performance of a current condition, such as the payment of taxes, and thereafter repudiate the contract for a prior breach of which he must have known.

[4] ID.—DISREGARD OF PROVISION MAKING TIME OF ESSENCE OF CONTRACT—RIGHT TO ENFORCE FORFEITURE PROVISIONS—NOTICE.—A vendor may not for years disregard a provision making time of the essence of a contract, little by little getting half the value of his land, and then, without notice to the buyer who has been lulled to a false sense of security, enforce a forfeiture for a trifling delay in the payment of interest.

[5] ID.—UNWARRANTED ACTION—FRIVOLOUS APPEAL—INJURY TO VENDEES—PENALTY.—Where, by the pendency of an unwarranted

1. Time as of essence in contracts for sale of land, note, 104 Am. St. Rep. 265.

action by the vendors to quiet title to certain real property as against the vendees, the latter are not only placed in a position where they cannot deal with their property rights but they lose the beneficial use of the money they have already paid and, notwithstanding a judgment by the trial court in favor of the vendees, the vendors take an appeal which is without real foundation and appears to have been taken only for delay, the case is a proper one for the imposition of a penalty for a frivolous appeal.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. S. Hupp for Appellants.

Nathan Newby for Respondents.

BRITTAIN, J.—The plaintiffs appeal on the judgment-roll from a judgment in a suit to quiet title to land in Riverside County.

On February 24, 1912, the appellants entered into a contract with the defendants, Philip D. Herbert and Sallie L. Herbert, by which the appellants agreed to sell to the Herberts eighty acres of land for four thousand dollars, payable in ten annual installments of four hundred dollars, with interest on deferred payments at the rate of six per cent, payable semi-annually. The buyers were also bound to pay all taxes and assessments. The contract in terms provided for assignment by either of the two parties. It contained a clause making time of the essence of the contract, and providing for forfeiture of all prior payments upon any default.

[1] The buyers assigned to John S. Webb an undivided interest in the land, and this fact was communicated to the sellers in February, 1915, when the sellers promised to notify Webb of any default on the part of the Herberts. An installment of $108 for interest became due in August, 1912, and was paid to the sellers and accepted by them two months later. Between that payment and an installment of $60 for interest which became due on August 24, 1916, there were eight payments accepted by the sellers after their respective due dates. The $60 was sent to the sellers and

returned by them on October 7, 1916. At that time apparently the only default was the payment of the $60 on August 24th. Under the terms of the contract the buyers theretofore must have paid two thousand dollars on account of the principal and $720 on account of interest. The $60 was returned in reliance on the term of the contract making time of its essence. No notice was given to Webb of the default, and notwithstanding the frequent delays in payments of from one or two days to more than two months, the sellers gave the buyers no warning that in the event of delay in the payment of either of the particular installment of interest or of all future payments the forfeiture of all prior payments would be enforced. The default, even though the provision of the contract making time of its essence had not been waived, must have been at the date when the payment became due. After that date, in reliance on the term of the contract binding the buyers to pay taxes, the sellers demanded of Webb that he pay the taxes for the year 1916–17. This he did. The defendants thereafter offered to pay the $60 and after suit brought tendered the amount of principal and interest which became due under the contract in February, 1917. The suit was commenced on October 20, 1916, a few days after the plaintiffs' demand on Webb for the payment of taxes. Upon findings from which the facts which have been stated appear, the trial court very properly concluded that the plaintiffs by their conduct had waived the provision of the contract making time of its essence, that they are the owners of the legal title to the land subject to the rights of the defendants under the contract, which is in full force, and that the defendants recover their costs, and judgment was entered.

[2] Such a suit is addressed to the equitable powers of the court. Equity has always looked with marked abhorrence upon forfeitures, and it has been said many times that any unquestioned evidence of sharp practices and overreaching is sufficient to defeat a complainant in equity who has been guilty of such practices. [3] Neither serious consideration nor citation of authority is necessary to support the conclusion that no party to a contract can insist on the performance of a current condition, such as the payment of taxes, and thereafter repudiate the contract for a prior breach of which he must have known. A court

of equity does not permit parties who seek its aid thus to blow hot and cold. **[4]** Neither may a seller for years disregard a provision making time of the essence of a contract, little by little getting half the value of his land, and then, without notice to the buyer who has been lulled to a false sense of security, enforce a forfeiture for a trifling delay in the payment of interest. (*Farley* v. *Vaughn,* 11 Cal. 227; *Boone* v. *Templeman,* 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947]; *Hayt* v. *Bentel,* 164 Cal. 680, [130 Pac. 432]; *Stevinson* v. *Joy,* 164 Cal. 279, [128 Pac. 751]; *American-Hawaiian etc. Co.* v. *Butler,* 165 Cal. 519, [Ann. Cas. 1916C, 44, 133 Pac. 280]; *Myers* v. *Williams,* 173 Cal. 301, [159 Pac. 982]; *Newell* v. *E. B. & A. L. Stone Co.,* 181 Cal. 385, [9 A. L. R. 993, 184 Pac. 659]; *Bayside Land Co.* v. *Phillips,* 43 Cal. App. 225, [184 Pac. 951].)

**[5]** Notwithstanding the well-established rules of law governing such cases as this, by the pendency of this litigation the defendants since October 20, 1916, have been in a position where they could not deal with their property rights, for no one wants to buy even a good lawsuit. The judgment was entered more than a year and a half ago. The appeal is without real foundation and appears to have been taken only for delay. During the time the suit has been pending the respondents have lost the beneficial use of the two thousand dollars they have already paid.

The judgment is affirmed, and it is ordered that the respondents recover of the appellants the sum of $250 as a penalty for the frivolous appeal.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 7, 1920.

Angellotti, C. J., Shaw, J., Lawlor, J., Wilbur, J., Olney, J., and Kerrigan, J., *pro tem.,* concurred.