[Civ. No. 6579. First Appellate District, Division Two.—January 2, 1929.]

VITTORIO LAGORIO et al., Respondents, v. THOMAS E. YERXA et al., Appellants.

Dunn, White & Aiken, Carlos G. White, and W. M. Nold for Appellants.

Girard N. Richardson and Joseph C. Prior for Respondents.

BURROUGHS, J., *pro tem.*—This is an action to quiet title to the lands described in the complaint. The defendants answered, denying plaintiffs' ownership and alleging an equitable title in themselves by virtue of a written contract of sale and purchase between plaintiffs and defendants. The action was commenced October 18, 1926, and tried by the court March 3, 1927. Judgment went for plaintiffs and the defendants appeal.

At the trial plaintiffs offered and the court received in evidence conveyances vesting title to the lands in controversy in them. They thereupon rested their case. Over the objection of plaintiffs counsel for defendants then offered and the court received in evidence a letter dated July 16, 1924, written by the plaintiff V. Lagorio to one Theodore Gier in which the writer stated that the defendant Thomas E. Yerxa, the purchaser under the contract of sale of the lands described in the complaint, was not in default under the terms of said contract. With the reception in evidence of this letter, defendants closed their case. In rebuttal Girard N. Richardson testified, without objection, that no payments had been made under the contract since June, 1926, and that the payments provided for were $5,000 per month, the total amount due thereon to be paid on or before January 1, 1927, and that at the time of the trial there were ten monthly payments overdue. He further testified that the total purchase price was $70,000, of which amount the defendants had paid $32,000. Over the objection of the defendants the court received in evidence the original con-

tract between the parties. The defendants' objection was upon the ground that there were three or four supplemental agreements. In reply to the objection the court said "they are introducing those they desire. If you want to introduce the others you may do so." Counsel did not take advantage of this offer, merely replying to the court, "I have not the original in my possession."

It is provided in the contract that time is of the essence of the agreement and should any sums of principal or interest or any other payments provided for in the contract be in default for a period of thirty days all moneys theretofore paid shall become forfeited and retained by the first party as liquidated damages for the breach of the agreement, and the agreement itself shall be void.

Appellants' first contention is that respondents, having accepted payments on the purchase price long after the maturity dates recited in the contract, they cannot forfeit the appellants' interest in the property without giving notice of their intention to require strict performance in the future and allowing a reasonable time thereafter to perform before filing suit to quiet title. (*Stevinson* v. *Joy*, 164 Cal. 279 [128 Pac. 751]; *Webber* v. *Herbert*, 46 Cal. App. 83 [188 Pac. 819].)

Under the terms of the contract the total sum of $70,000 was due on or before November 26, 1925. From the testimony of witness Richardson, it appears that payments were accepted as late as June, 1926, but it further appears from the uncontradicted evidence of the same witness, which was admitted without objection, that the amounts and times of payment had been changed to $5,000 per month and that at the date of the commencement of the action there were three unpaid monthly installments. Such being the case, there is no evidence in the record that plaintiffs accepted payments after the time fixed by the agreement of the parties and the claim is therefore not well founded. Furthermore, to have availed themselves of such a defense it should have been specially pleaded. (32 Cyc. 1316; *Pennie* v. *Hildreth*, 81 Cal. 127 [22 Pac. 398]; *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 503 [258 Pac. 387]; 22 Cal. Jur., sec. 36, p. 158; *Verbeck et al.* v. *Clymer et al.*, 202 Cal. 557 [261 Pac. 1017].)

■ The next error assigned is based upon the claim that as the full amount was not due under the terms of the contract until January 1, 1927, the commencement of the action on October 18, 1926, was premature. This is answered by our previous holding that the contract was breached by appellants' failure to pay the monthly installments and therefore the contract was at an end. Furthermore, in *Verbeck et al.* v. *Clymer et al., supra,* it is said: "It is well settled that the plea that an action has been prematurely brought is in the nature of a dilatory plea which must be specially pleaded in order to be available as a defense." In the case at bar there is neither pleading nor proof to sustain the claim.

■ It is next assigned as a ground of reversal that the trial court erred in admitting in evidence the original contract without requiring the respondents to offer certain supplementary agreements between the parties, it being the contention of appellants that the original contract "was a partially superseded fragment of the entire contract instead of the whole contract." The only evidence before the court that there were any other contracts is the testimony of the witness Richardson that the terms of payment were changed to $5,000 per month, the entire sum to be paid on or before January 1, 1927. There was also some conversation between the attorneys which would indicate that there were some other agreements in existence. When the objection was made the trial court stated to counsel for the appellants, "If you want to introduce the other you may do so," to which counsel replied, "I have not the original in my possession." No offer was made to introduce the so-called supplementary agreements. Section 1854 of the Code of Civil Procedure provides as follows: "When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing, which is necessary to make it understood, may also be given in evidence."

We are of the opinion that the court was right in admitting the contract in evidence, and under the above section of the code any supplementary agreements between the par-

ties should have been produced by the appellants if they were of sufficient importance to have affected the transaction.

It is further claimed that the contract is in violation of what is commonly referred to as the "Usury Law" (Stats. 1919, p. lxxxiii). This claim is based upon the following provision of the contract: "It is agreed that all taxes and assessments on said real property subsequent to the first installment of the current fiscal year, to whomsoever assessed shall be be paid by said second party, who shall also keep the buildings on said land insured for at least the sum of four thousand ($4,000.00) dollars, payable in case of loss to said first party, and if any of said sums of taxes, assessments or insurance are not so paid by said second party and are paid by said first party, the same shall be repaid by said second party on demand in like gold coin with interest at the rate of two per cent (1%) per month and no deed of said land shall be given until such last named payment shall be made." It will be noted that the written portion of the foregoing provision of the contract provides for two per cent per month interest and that the figures provide for one per cent per month. It is contended that this ambiguity must be construed in accordance with the rule that where written words conflict with figures the presumption is that the figures were typographical errors and that the written words will control in the absence of a contrary intention. (*Payne* v. *Commercial Bank,* 177 Cal. 68 [168 Pac. 1007].) Hence, appellants say, this court must construe that the interest provision is at the rate of twenty-four per cent per annum and contrary to said law and as a necessary sequence, under section 2 of said act, the contract is void as to any provision for interest, and the full amount under the terms of the contract, not being due until January 1, 1927, the action was prematurely brought. But, as we have already held, if the action was prematurely brought it should have been met by plea in abatement.

We are of the opinion that counsel's contention is disposed of by the opinion in *Verbeck et al.* v. *Clymer et al., supra,* where it is held that the "Usury Law" applies only to cases of a loan or forbearance of money and does not apply to a *bona fide* transaction of purchase and sale. This decision cites with approval the following language from 39 Cyc.,

page 526: "It is manifest that any person owning property may sell it at such price and on such terms as to time and mode of payment as he may see fit, and such sale, if bona fide, cannot be usurious, however unconscionable it may be." The case also approves the following principle stated in 27 R. C. L., pages 213, 215, that the first element of a usurious transaction is that there be a loan or forbearance of money, for if there is neither there can be no usury. In 39 Cyc., page 953, it is said: "When an excessive rate of interest is made payable only in case of default in payment of the principal, the higher rate is not for the use of the money, but imposed as a penalty for nonperformance of the contract. By his own act the debtor may relieve himself of the excess payment. Whether such penalty for the nonperformance of the contract is held enforceable or not, all authorities are agreed that the contract is not usurious, but remains a valid and enforceable obligation against the debtor." ▮ In the case at bar giving full effect to counsel's claim that the contract provides for payment of twenty-four per cent per annum on taxes, assessments, and insurance which under the terms of the contract appellants may fail to pay, it is simply one of the conditions of the contract under which defendants agreed to purchase. The contract does not grow out of a loan or forbearance of money and therefore is within the principle announced in the Verbeck case, *supra*. ▮ Counsel for respondent also cites section 1643 of the Civil Code, which reads as follows: "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." To give effect to the ambiguity, in accordance with the view of counsel for appellants, would do violence to the foregoing section of the code and it would seem in the present case that the ambiguity should be interpreted in the light of this section. It appears from an examination of the record that the trial court's attention was not directed to said ambiguity.

▮ We are not unmindful of the fact that this contract which calls for the payment of some $70,000, of which sum the defendants have paid $32,000, forfeits the money so paid, but courts are not authorized to relieve parties from the harshness of a contract which has been freely and voluntarily

entered into. There is nothing in the present case which would authorize the court in setting aside or extending the terms of the contract.

The judgment must be affirmed and it is so ordered.

Nourse, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 31, 1929, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1929.

All the Justices concurred.