[Civ. No. 11512. Second Appellate District, Division Two.—September 28, 1937.]

J. B. BECKJORD, Appellant, v. SILAS F. SLUSHER et al., Respondents.

John A. Jorgenson for Appellant.

George M. Breslin and Henry G. Bodkin for Respondents.

McCOMB, J.—Plaintiff appeals from:

(1) A judgment for $500 in his favor after trial by jury in an action to recover from defendants as principal and sureties on an indemnity bond.

(2) An order striking his cost bill.

The essential facts are:

Defendant Silas F. Slusher commenced an action in the Superior Court of Los Angeles County against Ben H. Chamberlain and Chauncey W. Chamberlain and attached certain personal property. Plaintiff filed a claim for the release of the attached property, claiming to have a chattel mortgage thereon. Thereafter defendant Silas F. Slusher as principal and his codefendants as sureties executed and delivered to the sheriff an indemnity bond pursuant to section 2969 of the Civil Code, reading in part as follows:

"Now, Therefore, the condition of this obligation is such that if the said Silas F. Slusher, as principal, and the said Margaret F. Slusher and John J. Doyle, as sureties, their heirs, executors, administrators, shall well and truly indemnify and save harmless him, the said Sheriff and J. G. Beckjord, claiming to be Mortgagee, their heirs, executors, administrators and assigns, of and from all and every damages, expenses, costs and charges, including all counsel fees for which he, the said Sheriff, and the said J. G. Beckjord, claiming to be Mortgagee, their heirs, executors, administrators or assigns, may incur in consequence of the legal enforcement of the payment of the penalty of this bond, and against all loss and liability which he, the said Sheriff or the said J. G. Beckjord, claiming to be Mortgagee, their heirs, executors,

administrators or assigns, shall sustain or in anywise be put to for or by reason of the seizing, levying, taking, retention, disposition or sale by him, the said Sheriff, in said suit, of the property claimed as aforesaid.''

Subsequently in an action on the bond against defendants for conversion plaintiff recovered judgment for $12,500, the value of the converted property, and $2,000 attorney's fee for services in the superior court. This judgment was affirmed by the District Court of Appeal and a petition for a hearing in the Supreme Court was denied. Defendants then paid plaintiff the sum of $17,500, the amount of the judgment and interest.

Plaintiff paid his counsel $1,000 on account of services before the Appellate Court and agreed to pay a balance of $1500. Demand was thereupon made on defendants to reimburse plaintiff for such fee, which demand defendants refused, but offered plaintiff $500 and no more.

The present action was then instituted to recover $4,500 from defendants, $3,500 for alleged attorney's fee on appeal in the previous action and $1,000 for attorney's fee in the present suit. The jury returned a verdict in favor of plaintiff in the sum of $500. Plaintiff filed a cost bill in the sum of $208, which, on motion of defendants, was stricken.

For grounds of reversal plaintiff urges the following propositions:

*First: He was entitled to recover under the bond a sum equivalent to attorney's fees which he had actually incurred and was not limited to a sum equivalent to the reasonable value of the attorney's services rendered to him.*

*Second: The trial court erred in refusing to instruct the jury thus:*

*''The beneficial result obtained for the client is the chief matter to take into consideration in estimating the value of the services.''*

*Third: The trial court erred in instructing the jury as follows:*

*(a) ''If you find that the reasonable value of the services of Mr. John A. Jorgenson on said appeal is no more than $500.00, then notwithstanding any other instruction given you herein the plaintiff would not be entitled to the award of any attorney's fee for the prosecution of this action now on trial.''*

*(b)* *"You are instructed that if you find from the evidence that plaintiff's attorney, John A. Jorgenson, in preparing for the trial of J. G. Beckjord, plaintiff, v. Wm. I. Traeger as sheriff of the County of Los Angeles, State of California, and Silas F. Slusher, Margaret F. Slusher and John J. Doyle, in the superior court of the State of California, in and for the county of Los Angeles, or during the course of said trial, prepared the law pertaining to said case, and thereafter was enabled to use such knowledge of the law in writing the briefs on behalf of respondent on appeal, that plaintiff will not be entitled to collect in the present action the value of his services so rendered in the superior court, in preparing for the trial, but plaintiff will only be entitled to recover the reasonable value of the services actually rendered by the attorney in connection with the appeal of said cause (and for the prosecution of this action)."*

*Fourth:* The trial court erred by inserting in the following instruction the words *"may be"*:

*"While it is true that the time taken in the performance of legal services should be taken into consideration in fixing the value thereof, yet it may be of minor importance."*

*Fifth:* It was error for the trial court to grant defendant's motion striking plaintiff's cost bill in the present action.

The first proposition is untenable. The law is settled that counsel fees which are recoverable as damages resulting from the prosecution of an action for the conversion of property released pursuant to an attachment bond are limited solely to the reasonable value of the services actually performed (*Moore* v. *Maryland Casualty Co.*, 100 Cal. App. 658, 666 [280 Pac. 1008]), and that the sum which the client has paid or agreed to pay is not conclusive evidence of the value of such services but is only an item of evidence of the reasonable value of such services.

Any other construction of the clause in the bond providing for the payment of counsel fees would be an attempt to determine the amount of damage in anticipation of the breach of the obligation and not enforceable (Civ. Code, secs., 1670, 1671), since it is not impracticable nor extremely difficult for the court to fix the actual damage which the obligee on the bond has suffered by reason of the breach thereof. (*Eastman* v. *Sunset Park Land Co.*, 35 Cal. App. 628, 630 [170 Pac. 642].)

■ The instruction set forth in plaintiff's second proposition was properly refused by the trial court. The instruction directed the jury upon a question of fact which was a matter solely for their determination. The beneficial result of the litigation for the client was merely one of a number of items for the jury to consider in determining the reasonable value of the attorney's services to his client, and the weight to be given to the various items was a question for the sole determination of the jury.

■ The trial court properly read to the jury the instruction set forth in paragraph (a) of plaintiff's third proposition. It is conceded that prior to the institution of the present suit defendants offered to pay plaintiff $500 in settlement of his claim, which offer he rejected. Therefore, assuming that the jury found, as it did, that plaintiff was not entitled to recover more than $500, he in fairness should not be permitted to penalize defendants because he saw fit to institute needless and unnecessary litigation.

■ Likewise, the instruction set forth in paragraph (b) of plaintiff's third proposition is a correct and accurate statement of the law. It needs no citation of authority or argument to support the proposition stated therein that plaintiff was not entitled to recover in this action an attorney's fee for services rendered in the trial of the previous case in the lower court, when, as it is conceded, he had been allowed by the court and paid by defendants $2,000 for the services of his counsel before the trial court.

■ The trial court properly inserted the words "may be" in the instruction set forth in the plaintiff's fourth proposition. The amount of time taken in the performance of legal services was a proper item for the jury to consider with other items in arriving at the reasonable value of the counsel's fee in question; however, it was for the jury, in view of all other circumstances of the case, to determine the weight to be given to this element in arriving at the reasonable value of the services rendered by counsel to plaintiff.

■ Plaintiff's final proposition is without merit. The law is settled that, where the judgment in the superior court is for an amount which could have been awarded by the municipal court, a plaintiff is not entitled to recover his costs. (*Leaper* v. *Gandy, ante,* p. 475 [71 Pac. (2d) 303]; *Lady* v. *Palen,* 12 Cal. App. (2d) 3, 4 [54 Pac. (2d) 1134].)

The judgment and order appealed from are and each is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 26, 1937.