[Civ. No. 2361.   Fourth Appellate District.—July 1, 1940.]

EDWARD P. HOLLINGER, Respondent, v. JOSEPH M. MEDINA et al., Appellants.

Lasher B. Gallagher for Appellants.

Carroll Single, Luce, Forward, Lee & Kunzel and Fred Kunzel for Respondent.

BARNARD, P. J.—This is an action against the owners of the tuna clipper "Cabrillo" based upon injuries received by the plaintiff while on the high seas, the action having been brought and tried on the theory that certain equipment was unseaworthy.

The plaintiff was injured while on his first trip as engineer on this boat. One of his duties as engineer was to care for the refrigerating system. In this connection it was necessary at times to drain an oil trap attached to an ammonia receiver. The plaintiff attempted to do this, using a piece of equipment which was at hand and which consisted of a short piece of hose to which was attached a nipple threaded to fit the spout of a valve attached to the ammonia tank. Having attached this hose the plaintiff opened the valve for the purpose of allowing the ammonia, which was under a high pressure, to blow the refuse out of the oil trap. The resulting pressure in the hose caused it to burst and the plaintiff was severely burned by the escaping ammonia.

Under familiar rules applicable in such cases, and under appropriate instructions by the court, the jury applied the

doctrine of comparative negligence finding that the plaintiff was 90 per cent negligent and that the defendant owners were 10 per cent negligent. Having found that the plaintiff had been damaged to the amount of $10,000, the jury rendered a verdict against the defendants for $1,000, and judgment was entered accordingly. The defendants have appealed from the judgment and from an order denying their motion for a judgment notwithstanding the verdict.

The sole point raised on this appeal is that the court erred in refusing to order a judgment for the appellants notwithstanding the verdict. In support of this position it is argued that the evidence conclusively shows that the hose contrivance which the respondent used was not furnished as a part of the equipment for the boat; that other materials were on board from which the respondent might have made a suitable and safe device for draining the oil trap; and that the respondent breached his contract with the appellants by failing to construct and use such a safe piece of equipment.

There is no dispute as to the general rules of law applicable in such a case. It is admitted that negligence on either side is not controlling and the appellants concede the general rule that a ship owner is under the duty of seeing that his ship and equipment are seaworthy, and that this duty cannot be delegated to another. In brief, their contention is that this general rule is not here applicable for the reason that the respondent was hired as chief engineer; that it was his duty as such engineer to see that this part of the boat's equipment was seaworthy and safe; and that it must be held, as a matter of law, that he failed to perform that duty.

While the right of a ship owner to rely upon an expert employed for a particular purpose, as an exception to the general rule, might be an interesting subject for consideration, it can have no controlling effect under the evidence in this case. This was a small boat which was built by two of the appellants, who also operate a shipyard in San Diego. The boat was tied up at the dock at this ship building yard for a time before it sailed on the trip on which the respondent was injured. The accident occurred on the respondent's first trip as engineer on this boat. He was not a licensed engineer and he received the same pay as other members of the crew. He had made two previous trips on this boat as

a fisherman and as assistant engineer, during which time he had been instructed in the use of the equipment by the former engineer. This former engineer testified that he always used the hose attachment in question and that he kept it for the purpose of draining the oil trap. He testified that during the previous two trips he had been ''breaking in'' the respondent. One of the appellants, who was one of the ship builders, testified that he never instructed the respondent how to handle the equipment which injured him. Another appellant, who was the regular captain on this boat, testified that he did not tell the respondent what his duties were when he employed him as chief engineer. He further testified that this rubber hose was used for that purpose during the time the former engineer was in charge, and a part of his testimony justifies the inference that the hose had been provided for that purpose. The same inference may be drawn from a part of the testimony of another one of the appellants, who was the acting captain at the time the respondent was injured.

While the evidence is conflicting, it is sufficient to show that a hose was unsafe and dangerous for the use here in question; that this hose had been so used over a considerable period; that at least some of the owners of the boat knew this fact and knew that this fixture was kept at hand for that purpose; that others of the appellants, who had built the boat, had an opportunity to know that fact; that the respondent was not employed as an expert on such matters but was merely ''broken in'' to a new job with which he was not too familiar; and that his instructions, incomplete at best, did not cover the manner of draining this oil trap or the kind of equipment best adapted to that purpose. In view of the evidence the controlling question presented was one of fact for the jury. Under such circumstances the court was justified in refusing to set aside the verdict. (*Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108 [291 Pac. 184].)

The judgment and order appealed from are affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1940.