[Civ. No. 2369.   Fourth Dist.   Aug. 19, 1941.]

EDWARD P. HOLLINGER, Appellant, v. JOSEPH M. MEDINA et al., Respondents.

Luce, Forward, Lee & Kunzel and Herbert Kunzel for Appellant.

Lasher B. Gallagher for Respondents.

BARNARD, P. J.—In an action against the owners of a ship for injuries received on the high seas, the plaintiff recovered a judgment for $1000 which was affirmed on appeal. (*Hollinger* v. *Medina*, 39 Cal. App. (2d) 753 [104 Pac. (2d) 91].) The plaintiff then filed a cost bill totaling $171.55. The defendant moved to strike the cost bill on the ground that the plaintiff was not entitled to recover costs and the plaintiff has appealed from the order granting this motion.

Section 1032 of the Code of Civil Procedure provides, in respect to an action tried in the superior court, that a plaintiff shall not recover costs when the judgment is one which could have been rendered by a municipal or inferior court within the same county. The appellant admits that there is a municipal court in the county of San Diego, where the action was tried, but contends that the judgment could not have been rendered in that court. The action was one in which the doctrine of comparative negligence was applied and the jury found that this appellant was 90% negligent and these respondents were 10% negligent. Having also found that the appellant had been damaged in the amount of $10,000 the jury accordingly rendered a verdict for $1000, for which amount the judgment was entered. The appellant now argues that the jury's finding that the plaintiff was damaged in the sum of $10,000 was equivalent to a finding by the

court; that this finding could not have been made in a municipal court since its jurisdiction is limited to $2000; and that, therefore, the judgment in question could not have been entered in such a court.

It may be conceded that in an action involving issues which could not be tried in an inferior court the amount of the judgment rendered in a superior court would not be controlling on the allowance of costs. The action here in question was one for damages on account of personal injuries, there were no other issues, and the judgment rendered was for an amount which was within the jurisdiction of the municipal court. We see no reason why that court could not have made a finding that damages to the amount of $10,000 had been suffered, provided a judgment was not entered in excess of the court's jurisdiction. If damages in excess of an amount within the jurisdiction of the court were waived by a plaintiff no reason appears why a judgment for the remainder could not be entered. Moreover, the issue was as to the amount of damages for which the defendant was liable. If a part of a claim sued upon in the superior court was barred by the statute of limitations, with a resulting judgment for an amount within the jurisdiction of an inferior court, section 1032 of the Code of Civil Procedure would apply. We see no reason why the situation should be any different where a part of the claim sued upon is barred by another rule of law preventing a recovery thereon, which similarly reduces the judgment to one within the jurisdiction of an inferior court. No matter how much this appellant was damaged his recovery was reduced by the facts and the law applicable thereto to an amount which was within the jurisdiction of the municipal court, and the code section with respect to costs is directly applicable. The judgment was one which could have been rendered in the municipal court and the appellant is not entitled to recover his costs. (*Beckjord* v. *Slusher*, 22 Cal. App. (2d) 678 [72 Pac. (2d) 563]; *Leaper* v. *Gandy*, 22 Cal. App. (2d) 475 [71 Pac. (2d) 303].)

The order appealed from is affirmed.

Griffin, J., and Mundo, J., *pro tem.*, concurred.