[Civ. No. 22885.   First Dist., Div. Three.   Oct. 21, 1966.]

GREENBACH BROS., INC., Plaintiff and Appellant, v. ALFRED E. BURNS, Defendant and Respondent.

Leon A. Blum for Plaintiff and Appellant.

Field, DeGoff & Rieman and Sidney F. DeGoff for Defendant and Respondent.

SALSMAN, J.—This is an appeal from an order granting a new trial. The action was commenced by appellant to recover the sum of $75,000 deposited by respondent with an escrow holder pursuant to the terms of a written contract for the sale of real property. After hearing the evidence the trial judge made findings and entered judgment for appellant, but later,

on respondent's motion, granted a new trial on the ground of insufficiency of the evidence to justify the decision and that the decision was against the law. We have concluded that the order granting a new trial was proper, and therefore affirm.

Appellant as seller and respondent as buyer entered into a written contract for the sale of the Olympic Hotel in San Francisco. The agreed price was $1,360,000 and was to be paid in cash. The contract provided for deposit by respondent of the sum of $50,000 as liquidated damages in the event respondent failed to perform. By an addendum to the contract, respondent's time for performance was extended 15 days, but he was required to deposit an additional $25,000 with the escrow holder, subject to the same provision for liquidated damages relating to the $50,000 deposit.[1] Respondent was unable to complete the purchase because of failure of a loan commitment. Appellant then brought this action against the escrow holder and respondent to recover the $75,000 deposit.

At trial, appellant established that it had incurred costs and attorney's fees in preparation for the transfer of the hotel property, assignment of maintenance contracts, preparation of an inventory, and documents relating to title. Attorney's fees were also incurred relating to tax matters, and in initiating

---

[1]The stipulations for liquidated damages read as follows:

"11. *Damages upon breach of Contract by Buyer*:

"In the event that the Buyer shall fail or refuse to consummate the purchase and sale hereinabove specified, within the time and in the manner herein stated, and provided that such failure or refusal is not caused nor justified by any default or breach of contract by the Seller hereunder, then the sum of Fifty Thousand Dollars ($50,000.00) deposited by the Buyer with the escrow holder pursuant to this agreement shall be paid and delivered by the escrow holder to the Seller as liquidated damages, and the Buyer shall have no further right or claim thereto. Seller and Buyer agree that the amount of such liquidated damages are so determined herein for the reason that the actual amount of damages suffered by the Seller in the event of Buyer's default would be impossible of actual determination. As further consideration for the payment of such liquidated damages the Seller agrees that in the event of such default on the part of the Buyer, the Seller will waive the right to institute proceedings against the Buyer for specific performance hereunder, or for other damages arising out of or in connection with such default."

"Addendum: 15 Option to extend closing date: Buyer shall have and is hereby given the option to extend the closing date herein from October 1, 1963 to Wednesday, October 16, 1963 at 12:00 noon upon written notice to Seller not later than September 27th 1963 and the deposit of an additional Twenty-five Thousand Dollars ($25,000.00) with the Northwestern Title Insurance Co. as escrow holder subject to the terms and conditions specified in the preceding paragraph 11 hereof relating to Damages upon breach of contract by the buyer."

steps to dissolve appellant corporation. A further item of damage claimed was loss of prospective profits from an investment in a proposed apartment complex in Seattle, Washington, which, because funds from the sale of the Olympic Hotel were not forthcoming, could not be undertaken.

Respondent's evidence disclosed an offer to purchase the Olympic Hotel, made by a third party to appellant about three months after respondent's default. This offer was for more than respondent had agreed to pay, was in writing, and was accompanied by a deposit. Appellant rejected it, however, for various reasons, but principally because at the time of this proposal it was not interested in sale of the hotel.[2]

Appellant's basic contention on appeal is that the trial court abused its discretion in granting a new trial because there is ". . . no basis on which the order of the trial court granting a new trial could or should be supported, or that, different or additional evidence could be developed at a new trial which would warrant a different judgment." In support of this contention appellant argues that paragraph 11 of the contract, and the addendum, each calling for liquidated damages, are valid contract provisions and should be enforced. Respondent on the other hand urges that these provisions of the contract are invalid and unenforcible.

■ Section 1670 of the Civil Code provides that "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

Section 1671 establishes an exception to the rigorous rule of the preceding section. It reads: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Where, as here, a party seeks to recover liquidated damages pursuant to the terms of a contract, it must appear that the requirements of section 1671 have been satisfied, that is, that

---

[2]Allowable damages for breach of an agreement to buy real property are described in Civil Code section 3307: "The detriment caused by the breach of an agreement to purchase an estate in real property, is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him." (Civ. Code, § 3307.) Thus here, if the value of the hotel property had not declined, appellant could have recovered no "benefit of the bargain" damages under this section because of respondent's breach.

actual damages are, under the circumstances of the case, impracticable to ascertain or extremely difficult to fix. The recital of the statutory language in the liquidated damage clause of a contract is but the conclusion of the parties and does not foreclose the court from a full inquiry into the facts. It has been held in many cases that whether it would be impracticable or extremely difficult to fix actual damages for breach of contract is purely a fact issue, to be resolved by the trier of the facts. See *McCarthy* v. *Tally,* 46 Cal.2d 577, 583 [297 P.2d 981], and cases cited.) Thus the validity of a provision for liquidated damages will depend in each case upon the sufficiency of the evidence to bring the case within the exception of section 1671. Here, in ruling upon respondent's motion for a new trial, the court undoubtedly reviewed all the evidence and concluded that it did not meet the test demanded by the code section.

At trial appellant established that it had incurred expenses for attorney's fees in the preparation of documents relating to the transfer of the hotel property, the assignment of service contracts, and in preparations made for dissolution of the corporation. Also, $400 had been spent in compiling an inventory of personal property in the hotel. But these damages are not impossible or even difficult to ascertain. It is true that at time of trial appellant had not been billed for attorney's fees incurred in attempting to carry out the sale, but the reasonable value of such services could readily be ascertained. Attorney's fees do not fall within the exceptional kind of damages described in section 1671. (See *Beckjord* v. *Slusher,* 22 Cal.App.2d 678 [72 P.2d 563] ; *Eastman* v. *Sunset Park Land Co.,* 35 Cal.App. 628, 630 [170 P. 642].) Moreover, it is a matter of common knowledge that courts regularly fix reasonable attorney's fees for services rendered, and have no difficulty in doing so.

There was also testimony to the effect that appellant intended to use proceeds from the sale of the hotel in an investment in a proposed apartment complex in Seattle, Washington, and that it anticipated profits of $500,000 from this venture, all of which, it is asserted, was lost because of respondent's failure to complete the contract. This evidence is relied upon to show that actual damages were difficult if not impossible to ascertain. But we do not think this evidence aids appellant. The general rule for the ascertainment of damages for breach of contract is described in Civil Code

section 3300.[3] Under this section, damages for breach of contract are limited to those reasonably in the contemplation of the parties at the time they enter into their agreement. (See *California Press Mfg. Co.* v. *Stafford Packing Co.*, 192 Cal. 479 [221 P. 345, 32 A.L.R. 114].) ■ Here there is no evidence that respondent was aware of appellant's proposed Seattle venture, or the prospect of profit from it, or the loss appellant might suffer in that regard if respondent did not fulfill his commitment to purchase the hotel. Such damages, if they existed at all, were remote and speculative at best, and do not bring this case within the exceptions described in Civil Code section 1671.

■ Requirements for a valid liquidated damage provision in a contract for the sale of real property have been noted in many cases. Thus the amount stipulated must be a reasonable one. (*Freedman* v. *Rector, Wardens etc. of St. Matthias Parish*, 37 Cal.2d 16, 23 [230 P.2d 629, 31 A.L.R.2d 1]; *Caplan* v. *Schroeder*, 56 Cal.2d 515, 520 [15 Cal.Rptr. 145, 364 P.2d 321].) Also, and of primary importance here, the amount agreed upon must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained. (*Dyer Bros. etc. Iron Works* v. *Central Iron Works*, 182 Cal. 588 [189 P. 445]; *Rice* v. *Schmid*, 18 Cal.2d 382, 386 [115 P.2d 498, 138 A.L.R. 589]; *Caplan* v. *Schroeder, supra*, 56 Cal.2d 515.) We see nothing in the record before us to indicate that the parties here made any effort to estimate the actual damages that might be suffered by appellant in the event of respondent's breach. All that appears is that respondent was required to deposit $50,000 in escrow, subject to its loss as claimed liquidated damages if he failed to pay the balance of the purchase price. Respondent's request for more time within which to raise money was granted, but only on condition that an additional $25,000 be placed in escrow subject to the same possibility of loss as the original deposit. On this state of the record the trial judge could reasonably conclude that the amount of each deposit was arbitrarily arrived at and was not intended to represent damages. ■ As the court pointed out in *McCarthy* v. *Tally, supra*, it is the reasonable endeavor to ascertain in advance the loss which may result from a possible breach that

---

[3]"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." (Civ. Code, § 3300.)

distinguishes a provision for liquidated damages from one that is in the nature of a penalty, since the characteristic feature of a penalty is its lack of any proportionate relation to actual damages that may arise upon breach. (*Id.*, p. 584, fn. 4, and cases cited.)

█ As we have noted, the appeal here is from the trial court's order granting respondent a new trial after judgment had been entered in appellant's favor. The court stated that its order was granted because of the ''insufficiency of the evidence to justify the decision and that it is against law.'' An order granting a new trial on the ground of insufficiency of the evidence to sustain the judgment will not be disturbed on appeal, unless there is a clear showing of an abuse of discretion in granting the order. (*Williams* v. *Field Transp. Co.*, 28 Cal.2d 696, 698 [171 P.2d 722]; see also *Marlowe* v. *City of Los Angeles*, 147 Cal.App.2d 680, 683-684 [305 P.2d 604], and cases cited.) █ In considering a motion for a new trial the court is not bound by a conflict in the evidence, and does not abuse its discretion in granting the order where there is any evidence that would support a judgment in favor of the moving party. (*Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358-359 [170 P.2d 465].) In ruling upon the motion for a new trial the trial judge undoubtedly reviewed the entire record of the case, as his duty required, and observed, as we have, that the evidence is not sufficient to show that the requirements of Civil Code section 1671 have been met, or that the parties made any genuine effort to ascertain appellant's damages in event of respondent's breach before inserting into the contract the stipulations for liquidated damages. Since the judgment entered lacks evidentiary support it is ''against law'', as that phrase is used in Code of Civil Procedure section 657 (*Renfer* v. *Skaggs*, 96 Cal.App.2d 380, 385 [215 P.2d 487]) and the court was clearly right in ordering a new trial.

The order is affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 14, 1966.