## MAY v. FLINT.

Decided June 13, 1891.

54  573
63  386
54  573
65  315

*Usury—Broker's commission.*

A commission paid by a borrower to his broker for effecting a loan will not affect its validity.  *Baird* v. *Millwood,* 51 Ark., 548, followed.

APPEAL from *Johnson* Circuit Court in chancery.

GEORGE S. CUNNINGHAM, Judge.

Suit to cancel an alleged usurious mortgage of land and a trustee's deed executed thereunder.    Thomason executed the mortgage to Charles L. Flint, as trustee for the New England Mortgage Security Company.    Upon Flint's resignation J. H. Basham was substituted as trustee.    At a sale under the power in the mortgage Sherwood became purchaser of the land.    May, a judgment creditor of Thomason, brought this suit.    The facts are stated in the opinion.    There

was a decree for the defendants, from which plaintiff appealed.

*Sol F. Clark* for appellant.

1. This case comes squarely within the case *ante* p. 40, and 41 Ark., 331.

2. The record fails to show that Basham, the substitute trustee, had any power to sell, or by what authority he was substituted.

*J. M. Rose* for appellee.

1. The proof fails to show that the Corbin Banking Company was the agent of the mortgage company, and differs from the case *ante* p. 40. But that case is contrary to all the decisions except the Nebraska cases. Since the decision in the Banks case, Alabama has sustained our position. 8 So. Rep., 388.

Usury — Broker's commission.

HEMINGWAY, J. The appellant relies upon a plea of usury to defeat a mortgage. It is not claimed that the lender directly received or contracted to receive excessive interest; but a commission was received by an intermediary, and this, it is contended, made the loan usurious. The question then is, Was the commission paid a part of the interest? To affect a loan with usury on account of a commission paid to an intermediary, it must appear that he was the agent of the lender and took the commission under authority express or implied from his principal. There is no proof of an express delegation of authority in this case; and if the appellant's contention can be sustained, it must be upon an implied authorization. The direct proof in the case is that the intermediary was not the agent of the lender, that he was a broker engaged in procuring loans for borrowers who sought his services, and that in procuring loans, as in this case, he acted as the agent of the borrower. Such is the direct testimony of the lender as well as of the broker. Is it overcome by the circumstances in proof? The appellant contends that it is, and relies upon our finding in *Banks* v. *Flint, ante*, p. 40. In that case we disregarded the

positive statements of some witnesses as to the broker's relations toward the parties, because we found such statements to be in irreconcilable conflict with other conceded facts. From the circumstances we found that the broker had solicited business and performed services for the lender; that this had been done in a similar manner for a number of years, to the extent of almost all the lender's business; and that it was clearly implied from the circumstances that this was done in pursuance of an agreement or understanding with the lender. Upon this we held that an agency existed.

Such an understanding is not implied from the proof in this case. For there is no proof that the relations between the broker and lender were intimate; and, for aught that appears, this was the first transaction between them, and it was brought about by the broker at the solicitation of the borrower. As such is the state of case, we think the court's finding followed the proof, and that this case is controlled by *Baird* v. *Millwood,* 51 Ark., 548.

The appellant contends that the court should have canceled the deed from the substituted trustee, in execution of the power in the mortgage, because it was not shown that the substitution was made according to the terms of the mortgage. The complaint attacked the deed only on account of usury in the mortgage, and the proof was directed and limited to that charge; this did not call in question the validity of the substitution.

We find no error in the judgment, and it is affirmed.