McDOUGALL *v.* HACHMEISTER.

Opinion delivered June 29, 1931.

*Joseph Morrison,* for appellant.

*Trimble, Trimble & McCrary,* for appellee.

HUMPHREYS, J.   This suit was brought by appellees against appellants to obtain a judgment upon an additional interest note for $1,472.72 and accrued interest after maturity, of date May 23, 1921, and to foreclose a second deed of trust of even date executed to secure same covering certain real estate in Arkansas County.

Appellant filed an answer admitting the execution of the instruments and pleading as a defense thereto that they were parts of an usurious transaction which was void as to interest if construed according to the usury laws of Illinois and void as to both interest and principal if construed according to the laws of Arkansas.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a judgment against appellants for $4,913.98 and a decree of foreclosure and order of sale of said real estate to satisfy same, from which is this appeal.

The record reflects the following facts: On May 23, 1921, Gilbert H. McDougall and wife and Chas. W. Mc-Dougall and wife executed 28 first mortgage bonds in the amount of $500 each, due December 1, 1931, bearing interest at the rate of 7 per cent. per annum; and, to secure same, executed a deed of trust to Charles Foreman, trustee for George M. Foreman & Company on said real estate.   On the same date and as a part of the same transaction, said appellants executed an installment note for additional interest on the main note of $14,000 to George M. Foreman & Company for $1,472.72, the first installment of $72.72 being due December 1, 1921, and the balance in installments of $70 each due respectively on June 1 and December 1 and including December 1, 1931, and, to secure same, executed a second deed of trust on said real estate to Herman Hachmeister, trustee for Charles Foreman, but for the benefit of George M. Foreman &

Company, who advanced the funds on all the bonds and note. At the time the instruments were executed, Gilbert H. McDougall resided in the State of Illinois, Chas. W. McDougall in the State of Arkansas, and Herman Hachmeister, Chas. Foreman and George M. Foreman & Company in the State of Illinois. Each deed of trust contained the following clause:

"The deed of trust, and the notes hereby secured, shall be construed according to the laws of the State of Arkansas."

Charles W. McDougall executed all the instruments in the State of Arkansas and Gilbert H. McDougall in the State of Illinois. The bonds and note were made payable at the office of George M. Foreman & Company in the city of Chicago, Illinois. After the delivery of the bonds and note and the deeds of trust to George M. Foreman in the State of Illinois, the said George M. Foreman & Company issued its checks to appellants and to H. B. Allen Sickle as follows:

On June 3, 1921, $2,000 to Chas. W. McDougall.

On July 1, 1921, $1,000 to Gilbert H. McDougall, Chas. W. McDougall and H. B. Allen Sickle.

On July 1, 1921, $9,600 to Gilbert H. McDougall, Chas. W. McDougall and H. B. Sickle.

This made a total of $12,600. From the total loan of $14,000, $1,400 was deducted by George M. Foreman & Company as a cash commission, and out of the checks that were issued, H. B. Allen Sickle collected $700 as a commission. The McDougalls indorsed the checks out of which H. B. Allen Sickle received $700 as an additional commission, but testified that they did so because it was the only way to get the money. H. B. Allen Sickle was instrumental in obtaining the loan and wrote a number of letters to George M. Foreman & Company in Chicago in procuring same. In making the application for the loan, the McDougalls stated that H. B. Allen Sickle was their agent and authorized the payment of the loan to him as such. The evidence was conflicting as to whether

H. B. Allen Sickle represented the lender or the borrowers.

The first question arising on the appeal is whether the law of Illinois or Arkansas shall govern in determining the issue of usury. This court has decided "that where parties to a mortgage of land reside in different States, they may, in good faith, contract that it shall be construed with reference to the laws of the State where the mortgagor resides and the land is situated." *Lanier* v. *Union Mortgage, Banking & Trust Co.*, 64 Ark. 39, 40 S. W. 466; *Ward* v. *Blythe*, 92 Ark. 210, 122 S. W. 508. There is nothing in this record indicating that said clause was inserted in the contract in bad faith or for the purpose of avoiding the force of the usury law in Illinois. Louis M. Watson testified that, in making loans on farms, George M. Foreman & Company always agreed therein that the contract should be construed in accordance with the laws of the State in which the real estate was situated. We are convinced from reading the record that the clause was inserted in the best of faith, and, under our rule, is binding upon appellants.

The next question arising on this appeal is whether the contract before us is usurious when construed according to the laws of this State. Under our law, the highest rate of interest that can be charged for the use of money is 10 per cent. per annum, and any charge above that renders a contract void both as to principal and interest. Constitution of 1874, article 19, § 13; Crawford & Moses' Digest, §§ 7364, 7365, 7366 and 7367. The test in this State as to whether a contract is usurious is whether the total amount to be paid under its terms by the borrower, in the event of performance, is in excess of the principal received plus 10 per cent. interest per annum for the term thereof. In applying this test to the contract before us, it will be necessary to determine whether the principal shall be treated as received on the date of the contract or on the day same was actually paid to appellants; and whether the amount of $700 received by

H. B. Allen Sickle was received by him as the agent of appellants or as the agent of appellees.

(1) There was a delay in paying the money to appellants after the execution of the instruments, but it was caused by a defect in the abstract of title to the land, which appellants agreed to furnish. The delay after the defects were corrected was not unreasonable, but, on the contrary, the transaction was wound up expeditiously. There is nothing in the record to indicate that the delay was a subterfuge resorted to in order to obtain more than 10 per cent. per annum for the use of the money. This court said in the case of *Matthews* v. *Georgia State Building & Loan Assn.*, 132 Ark. 220, 200 S. W. 130, 21 A. L. R. 789, that "a contract is not usurious when the parties acted in good faith, where 10 per cent. interest is charged, where the agreement was dated May 21, 1915, but was not closed and the money delivered until June 9, 1915." As the delay was not occasioned by the fault or bad faith on the part of appellees, the principal must be regarded as received by appellants on the date of the contract in determining whether same is usurious.

(2) It was ruled by this court in the case of *May* v. *Flint*, 54 Ark. 574, 16 S. W. 575, that "to affect a loan with usury on account of a commission paid to an intermediary, it must appear that he was the agent of the lender and took the commission under authority express or implied from his principal." According to the record before us, H. B. Allen Sickle was appointed appellant's agent in their written application for the loan, and the letters written by him to appellees show that he was acting for appellants in the procurement of the loan. Before the money was paid over to appellants by appellees, they were specifically informed that H. B. Allen Sickle was not their agent, and that, if anything was paid to him as a commission, they would have to pay it on their own account.

Although forewarned, appellants indorsed the checks and allowed H. B. Allen Sickle to appropriate $700 of

the money paid to them. H. B. Allen Sickle had never represented appellees in making loans and cannot in good conscience be regarded as their general representative by reason of past services or on account of an intimate relationship. In determining, therefore, whether the contract is usurious, we cannot treat the $700 paid by appellants to H. B. Allen Sickle out of the money as so much interest paid by them.

Pursuant to the test and rules stated above by which the validity of the contract must be determined, we proceed to a calculation of the cost of the loan under the terms of the contract as compared with the amount of money actually received as of date May 23, 1921, plus interest thereon at the rate of 10 per cent. per annum from said date to December 1, 1931.

CALCULATIONS AS PER TERMS OF THE CONTRACT.

Principal loan ............................................................$14,000.00
Additional interest notes................................................ 1,472.72
Interest on $14,000.00 at 7% from May 23
    1921, until December 1, 1931
$14,000.00 at 7% for 10 years........$ 9,800.00
$14,000.00 at 7% for 6 months........... 490.00
$14,000.00 at 7% for 7 days................ 19.04     10,309.04

    Total cost of contract................................................$25,781.76

CALCULATIONS OF PRINCIPAL RECEIVED BEARING INTEREST AT RATE OF 10 PER CENT. PER ANNUM FROM MAY 23, 1921 TO DECEMBER 1, 1931.

Principal received ............................................................$12,600.00
$12,600.00 at 10% for 10 years......$12,600.00
$12,600.00 at 10% for 6 months...... 630.00
$12,600.00 at 10% for 7 days........... 24.50     13,254.50

    Total cost of principal and interest at
    10% ........................................................................$25,854.50

The rate of interest actually charged under the contract on a principal sum of $12,600.00 is 9.945 per cent.

The interest charged being less than 10 per cent. on the principal sum received, the decree of the trial court is affirmed.