[Civ. No. 7786. Second Appellate District, Division One.—November 22, 1933.]

L. RICHBART, Appellant, v. S. GEO. ULLMAN et al., Respondents.

O'Melveny, Tuller & Myers and Albert Parker for Appellant.

Arthur C. Fisher and S. A. Shoop for Respondents.

YORK, J.—This is an appeal by plaintiff from a judgment in favor of defendants, who were the guarantors of a promissory note for $25,000 payable to plaintiff, maturing five years after its date—March 5, 1928—bearing interest at twelve per cent per annum and secured by a deed of trust.

As against defendant M. H. Horton, the appeal has been dismissed, by reason of his discharge as a bankrupt.

The loan was handled through an escrow held by American Safe Deposit Company, the parties to the escrow being plaintiff and the corporate maker of the note, Theatrical Enterprises, Inc., the latter not being named a party defendant in the suit. The escrow instructions providing, among other things, that plaintiff handed the escrow-holder his check for $25,000 payable to Theatrical Enterprises, Inc., but that it was *not to present* the check for payment until it held for the account of plaintiff a deed of trust covering four parcels of real property and the note secured thereby, together with a guarantee of title showing the trust deed a prior encumbrance upon the property. The instructions were dated March 5, 1928, and it was provided that they were not to run longer than a period of ten days from their date. On *March 5, 1928,* when the check was delivered to

the escrow-holder, plaintiff did not have sufficient funds on deposit with the bank to meet the check, but on March 17th he learned that all necessary papers were in the hands of the escrow-holder and that the check was about to be presented to the bank, and thereupon deposited the amount of the check in the bank upon which it was drawn, and on *March 21, 1928,* the check was paid.

Upon trial of the action it was found by the court that "plaintiff L. Richbart asked, demanded and charged a greater sum for the loan of said $25,000.00 than at the rate of $12.00 per $100.00 for one year; that it is true that he thereby violated the provisions of Act 3757 of the General Laws of the State of California; that it is true that he asked, demanded and charged interest at the rate of 12% per annum on the sum of $25,000.00 from the 3rd day of March, 1928, for a period of five years thereafter and that he did not actually loan said sum of $25,000 until the 21st day of March, 1928".

The court found as conclusions of law: "That by charging and exacting interest on the loan of $25,000.00 at a greater rate of interest than at the rate of 12% per annum, the plaintiff violated the provisions of Act 3757 of the General Laws of the State of California; that plaintiff thereby became precluded and is precluded from maintaining any action for the collection of said $25,000 until the full period of time it was contracted for has elapsed, to-wit: the 4th day of March, 1933; that the Court further finds that the agreement to pay interest on the said $25,000.00 is null and void and that no interest may be collected by plaintiff and no action maintained to recover interest in any sum thereon; that the sum of $1,250.00 has been paid to plaintiff on the principal sum of $25,000.00; that defendants are entitled to recover their costs herein expended."

Upon this appeal it is contended that the transaction was not usurious in its essence for the following reasons:

1. That delay occasioned by the borrower or otherwise which resulted in the transfer of the funds represented by a note at a date not long subsequent to the date of the note does not render the transaction embodied in the note usurious.

2. The escrow instructions merely call for a check and not for cash, and accordingly the check was accepted as payment on the day when the note was dated.

3. The maxim *"De minimis non curat lex"* applies here because the amount of interest collected during the few days before the transaction was consummated is negligible.

4. The delivery out of escrow related back to the time of the delivery of the check into escrow.

5. The delay in consummating the present transaction is entirely due to the fault of the borrower.

6. In the present transaction there was no contract to pay a usurious rate of interest.

In support of his appeal, plaintiff cites many cases from foreign jurisdictions, but nothing from California. In this connection, we quote from the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, at pages 626, 627 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725], on the subject of usury: "It should be stated here that on the conclusions above announced the authorities of the various states are in conflict. No state has a statute identical with our own; hence, we have had to rely upon practically an independent construction of the provisions of our statute itself. . . . Each particular statute under interpretation must furnish its own basis for decision upon a question of this character." Again, in *Westman* v. *Dye*, 214 Cal. 28, at page 33 [4 Pac. (2d) 134, 136]: "Due to the fact that we have had no usury statute, except that governing pawnbrokers, until the act of 1919, the decisions in this state upon this subject have been extremely meager. The question now before us has never before been directly before this court. In other jurisdictions, however, the usury laws have furnished a most fruitful source of litigation. Almost every conceivable question arising under the law of usury has been the subject of judicial determination on numerous and many occasions. There is no dearth of authorities upon these questions, but the great difficulty is in winnowing from the great mass of decisions those which appear to state the correct and proper rule, approved by the weight of authority. Upon almost every question of any importance arising under the usury laws we find the courts greatly divided, and well-considered authorities are to be found upon either side of such question."

In the case at bar, the borrower paid interest in accordance with the terms of the agreement, i. e., from March 5, 1928, but it had the use of the money only from March 21st,

after the check was made good by a deposit made to cover same in the bank. In effect, then, the contract called for a greater rate of interest than that permitted by the statute. As was said in *Westman* v. *Dye, supra,* at page 39: "The usurious character of the contract is not determined by the amount of interest the borrower has paid thereon, but by the amount of interest he has agreed to pay on his said indebtedness. He may not have paid a dollar of interest on his indebtedness yet if the contract calls for a greater rate of interest than that permitted by the statute, the transaction is usurious, and no interest can be collected thereon."

The intention of the plaintiff to exact usurious interest was shown clear through the transaction up to and including the filing of the complaint herein, as he asks that interest be figured at the rate of one per cent per month from the fifth day of March, 1928, instead of from the twenty-first day of March, 1928, when, under the terms of the escrow, his check was presented for payment.

The judgment appealed from is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. I do not agree with the opinion of Mr. Justice York wherein he sustains the contention of respondents that the note on which defendants were sued as guarantors was an usurious contract in violation of the Usury Law. ▆ The lapse of a reasonable time in completing a loan and paying over the money after the time the papers are dated does not render the loan usurious, where the parties act in good faith and with no intent to evade the usury laws. (*Matthews* v. *Georgia State Sav. Assn.,* 132 Ark. 219 [200 S. W. 130, 21 A. L. R. 789].)

Delay in paying proceeds of loan to borrower if in good faith does not render transaction usurious. (*McDougall* v. *Hachmeister,* 184 Ark. 28 [41 S. W. (2d) 1088, 76 A. L. R. 1463], and note.)

▆ But I think that there was no contract of guaranty and therefore that there is no cause of action against respondents. Upon apparently sufficient evidence the court found that the defendants Ullman and Williams signed the instrument of guaranty in reliance upon certain escrow instructions wherein it appeared that the signature of Mrs. Harry Sebastian would be affixed thereto; that the defendants

Ullman and Williams did not know at the time of such signature that the signature of Mrs. Sebastian was to be omitted from said guaranty, and did not know said fact until after the guaranty had been delivered to the plaintiff; that the guaranty was executed without valuable consideration and as an accommodation to the maker of the note.

When at the trial defendants Ullman and Williams were asked whether they signed the guaranty in reliance upon the fact that the escrow instructions called for the signature of Mrs. Sebastian, the plaintiff objected that this was not a part of the defense in this case. The witnesses answered that they did so rely. The objection was properly overruled. Those escrow instructions had been exhibited to these defendants before they signed. The answer of defendant Williams alleged the fact that there were to have been guarantors other than the ones appearing upon the guaranty contract, "but that some of the guarantors had been changed to the prejudice of this defendant". At the opening of the trial it was stipulated that whatever defense was pleaded in behalf of any one defendant should be considered as pleaded and available to all other defendants in the action.

From the evidence it appears that the only contract which the defendants executed or intended to execute was a contract in which Mrs. Sebastian was to join. With this understanding and preliminary agreement in force, in the absence of her signature there was no contract of guaranty. For the foregoing reasons it is my conclusion that the plaintiff failed to establish any cause of action against the respondents Ullman and Williams. As noted in the opinion of Mr. Justice York, *supra,* the appeal as against the defendant Horton has been dismissed. There were two other defendants named in the complaint, as to whom there was no appearance, nor any service of summons.

Houser, J., concurred.