[Civ. No. 10826. Third Dist. Aug. 11, 1964.]

CALIFORNIA PACIFIC TITLE COMPANY, SACRA-
MENTO DIVISION, Plaintiff and Respondent, v.
TERESA H. MOORE, Defendant and Appellant.

Winston A. Langlois and Joseph E. Burke for Defendant and Appellant.

Driver, Driver & Hunt and Philip F. Driver for Plaintiff and Respondent.

MOOR, J. pro tem.*—Defendant Teresa H. Moore appeals from a judgment reforming a deed.

(For the purpose of clarity the land involved will be described as parcel 1—a large piece of land composed of parcels 2 and 3.)

In February 1961 defendant purchased some land from the Sutton Pumphrey Company. The deed, drawn by plaintiff title company, described parcel 1. A month later defendant received a letter informing her that an error had been made and that the deed should have described only parcel 2. Defendant had recorded her deed. When she refused to agree to a reformation, plaintiff brought this action.

Plaintiff's case was substantially as follows:

Skillman, the agent, testified that he showed the property to defendant. He gave a brochure to defendant that showed all of the Sutton Pumphrey property, but he pointed out the line between parcel 2 and parcel 3 and made it clear to defendant that she was purchasing only parcel 2. There is a gas station on parcel 2, leased to the Signal Oil Company. The defendant first offered $45,000 for the property which would have given her a return of 8 per cent under the lease. The offer was refused, and the actual selling price of $51,428 gives defendant a return of 7 per cent. The deposit receipt described the property as ''A parcel of property on the N. line of Greenback Lane at Auburn Blvd. Intersection—(Signal Oil Co. Station).''

Plaintiff's search file in the present case was No. 300394, and the area to be searched was parcel 2. The base file which covered the larger tract, parcel 1, was No. 167593. Mrs. Brebner, plaintiff's employee, testified that when she drafted the deed to defendant she had mistakenly used the property description contained in the base file No. 167593, instead of the description of the smaller parcel 2.

The evidence is clearly sufficient to support a finding that plaintiff had been requested to search and draft a deed for

*Assigned by Chairman of Judicial Council.

parcel 2 and had mistakenly substituted the description of the larger parcel 1.

There was also expert testimony that parcel 2 was worth exactly what defendant paid for it and parcel 3 was worth an additional $32,741. In addition, the escrow instructions show that taxes were not to be prorated. Mr. Pumphrey testified that this was because the Signal Oil Company was to pay all the taxes under the lease agreement. However, had the sale been for a parcel of land not covered by the lease, then the taxes would have been prorated.

On her own behalf defendant testified that she did not want to buy just the gas station and had intended to purchase all of parcel 1. Defendant's testimony, however, was rather rambling and confused, and she repeatedly accused Skillman of mesmerizing her with his skillful sales talk. She also admitted that she was receiving a 7 per cent return on her investment.

A conflict in the evidence does not preclude a court from finding that two parties had a common intent which was incorrectly reduced to writing. (*Bank of America* v. *Craig*, 193 Cal.App.2d 281 [14 Cal.Rptr. 476] ; *Mills* v. *Schulba*, 95 Cal.App.2d 559 [213 P.2d 408].)

On the merits of the case, defendant argues that the evidence is insufficient to allow a finding that there had been a mutual mistake.

Civil Code section 3399 provides that a written contract may be revised when through a mutual mistake of the parties the written contract does not truly express the intention of the parties. A mistake by the scrivener or draftsman in reducing the intent of the parties to writing is ground for reformation. (*Mills* v. *Schulba*, *supra*; 45 Am.Jur. § 54, p. 616.)

"The purpose of reformation is to correct a written instrument in order to effectuate a common intention of both parties which was incorrectly reduced to writing. [Citation.] In order for plaintiff to obtain this relief there must have been an understanding between the parties on all essential terms, otherwise there would be no standard to which the writing could be reformed. [Citations.]" (*Lemoge Electric* v. *County of San Mateo*, 46 Cal.2d 659, 663 [297 P.2d 638].)

In order to reform a written instrument the plaintiff must prove the mutual mistake by clear and convincing evidence. (*Moore* v. *Vandermast, Inc.*, 19 Cal.2d 94 [119 P.2d

129].) However, the "clear and convincing evidence" rule applies only at the trial level. Upon review it is assumed that the trial court applied the proper standard, and the judgment will not be upset if there is substantial evidence to support it. (*Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [141 P.2d 732]; *Bank of America* v. *Craig, supra,* 193 Cal.App.2d 281; *Pluth* v. *Smith,* 205 Cal.App.2d 818 [23 Cal.Rptr. 550]; *Fahrney* v. *Wilson,* 180 Cal.App.2d 694 [4 Cal.Rptr. 670].)

Defendant's further contention is that plaintiff had no standing to bring this suit. At the close of plaintiff's case defendant moved for nonsuit on that ground. Plaintiff was allowed to reopen its case and introduced into evidence a deed to parcel 3 from Sutton Pumphrey Company to plaintiff and a letter instructing plaintiff to commence the action to reform the deed. The motion for nonsuit was then denied.

Defendant now argues that plaintiff was an improper party. It is common knowledge that an action may be brought by a real party in interest, such as a grantee, an assignee, etc. (45 Am.Jur. § 64, p. 622.) ██ It is equally well established that equity will look to substance rather than form. (5 Cal. Jur.2d 308.) In determining whether an assignment has been made, the court may go outside the terms of the instrument (5 Cal.Jur.2d 309) and may find an assignment from the conduct of the parties. (*Long* v. *Thompson,* 45 Cal.App. 2d 161, 169 [113 P.2d 698].)

"The form of a written, equitable transfer or assignment, based upon valuable and reasonable consideration, is not important if the intention of the transferor is ascertainable and the instrument is actually delivered." (*Anglo California Nat. Bank* v. *Kidd,* 58 Cal.App.2d 651, 655-656 [137 P.2d 460].)

██ In the present case plaintiff admitted its liability to Sutton Pumphrey Company, and the deed and letter clearly show the intention that plaintiff should undertake the burden of reforming the deed. The court was correct in finding that plaintiff was the assignee of the right to reformation.

██ Defendant's argument that by not making the Sutton Pumphrey Company a party the court was precluded from making an equitable decision to rescind the original sale is without merit. Defendant sought the remedy of rescission during the course of the trial without having raised this issue in her pleadings. If it were defendant's theory that rescission was the proper remedy and that Sutton Pumphrey Com-

pany was a proper party to the action, it was her obligation to bring them in by way of cross-complaint. (Code Civ. Proc., § 442.) This the defendant did not do. Furthermore, when the court found that the respondent was entitled to reformation, it would certainly be denied a complete equitable remedy if relegated to rescission. (*Mills* v. *Schulba, supra,* 95 Cal. App.2d 559.)

Defendant argues many other errors in the trial proceedings. However, no authority is cited in support of these contentions, and, in any event, such errors, if they be errors, were not prejudicial to defendant.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.