[Civ. No. 9598. Fourth Dist., Div. One. Oct. 30, 1970.]

FIRST AMERICAN TITLE INSURANCE AND TRUST COMPANY,
Plaintiff, Cross-defendant and Respondent, v.
ROY A. COOK et al., Defendants, Cross-defendants and Appellants;
KENNETH STEWART et al., Cross-complainants and Respondents.

594

## COUNSEL

Joseph J. Fisch for Defendants, Cross-defendants and Appellants.

Luce, Forward, Hamilton & Scripps, and C. Douglas Alford for Plaintiff, Cross-defendant and Respondent.

Yale, Wilson, Yale & Gant, and William A. Yale for Cross-complainants and Respondents.

## OPINION

**AULT, J.**—Roy A. and Virginia A. Cook (Cook) appeal from a judgment reforming a promissory note evidencing a $55,000 loan from Kenneth and Evelyn Stewart (Stewart) by deleting a compound interest provision which made the note usurious.

Stated in the light most favorable to respondents Stewart and First American Title Insurance & Trust Company (First American) the evidence discloses: Cook wanted to borrow money from Stewart. Both parties were experienced in real estate and loan transactions, and both were represented by experienced brokers. The two brokers opened a loan escrow at First American on January 26, 1966. The escrow instructions, signed later the same day by the two parties, provided in part as follows:

"A deed of trust and note to be executed by above vestees in favor of Kenneth Stewart and Evelyn Stewart, husband and wife, in the amount of $55,000.00, being all due and payable February 1, 1971 and bearing interest, which is to accrue from date lenders funds are deposited into escrow, at the rate of Ten per cent per annum, which is to be paid monthly beginning March 1, 1966. The privilege of paying all or any portion of this note before its due date, can only be done upon payment of a penalty of Four per cent of the amount paid. The note is to contain a late charge penalty of $5.00 for any payment made after Five days of its due date and a Four per cent of the monthly payment will be charged for any payment after Fifteen days late."

The instructions also provided the note was to be secured by real property located in San Diego County and required Stewart to pay the $55,000 into escrow on or before January 31, 1966. Cook was to receive the money upon execution of the note and deed of trust, and when American could issue its policy of title insurance showing title to the land securing the loan vested in Cook.

First American used a printed form of promissory note, inadvertently

using a form containing the following: "Should the interest not be so paid it shall be added to the principal and thereafter bear like interest as the principal." This provision for compound interest was neither required by the escrow instructions nor requested by the parties.

On January 26, 1966, Cook signed the note and Stewart deposited the $55,000 into escrow. The escrow was expected to close on January 31 but was in fact delayed until May 13, 1966, the date Cook was able to show good title to the land securing the loan. Because no interest payments had been made in the interim, First American deducted $1,436.12 interest and $72.44 late charges from the $55,000 and paid the balance to Cook. Cook made no further payments on the note, and in late August Stewart began foreclosure proceedings. Not until December did the parties discover the note provided for compound interest which, coupled with the 10 percent regular interest, made it usurious.

First American initiated this action, seeking to reform the note by deleting the compound interest provision on the ground of mutual mistake of fact. By cross-complaint, Stewart requested the same reformation and, in the alternative, sought damages from First American for negligence in drafting the note. Cook's pleadings contended the note should be construed as drafted. He counterclaimed against Stewart claiming the note was usurious and sought to recover triple the amount of the interest and late charges which had been deducted from the loan proceeds at the close of escrow.

The trial court found both parties intended the interest should not exceed the maximum legal rate and that the inclusion of the compound interest provision was the result of an honest mistake of fact by all parties. The court's decree deleted the compound interest provision from the note and declared the note, as reformed, was not usurious. It denied Stewart recovery from First American on the cross-complaint for negligence.

 Cook contends the trial court erred in not determining the loan was usurious. He claims the provisions of the note imposing penalties for late payment of interest, considered with the 10 percent maximum legal interest charged, made the note usurious. Whether a transaction is usurious must be determined as of the time of the transaction. An agreement which is not usurious in its inception cannot become so by reason of the borrower's subsequent default. (*Pacific Finance Corp.* v. *Crane,* 131 Cal.App.2d 399, 406-407 [280 P.2d 502]; *Sharp* v. *Mortgage Security Corp.,* 215 Cal. 287, 290-291 [9 P.2d 819]; *Penzner* v. *Foster,* 170 Cal.App.2d 106, 110 [338 P.2d 533].) The penalty provisions to which Cook now objects come into play only in the event of his default. Such payments are not regarded as interest on the loan itself, but as a penalty for nonperformance of a

legitimate agreement. (*Lagorio* v. *Yerxa,* 96 Cal.App. 111, 117 [273 P. 856].) The late charge provisions contained in the note do not make it usurious.

■ Cook further contends the fact the note and the escrow instructions required the 10 percent interest to be paid beginning January 26, 1966, the date Stewart deposited the $55,000 in escrow, made the loan usurious because the money was not actually paid over to him until May 13, 1966. ■ Where a note provides for maximum legal interest, delay in paying over the loan proceeds to the borrower may result in the borrower paying excessive interest and render the loan usurious. But a good faith delay in paying over the proceeds of the loan to the borrower does not require that result (*Richbart* v. *Ullman,* 135 Cal.App. 396, 400 [27 P.2d 97]), and where the delay is caused by a contingency under the borrower's control the loan is not usurious even though it results in excessive interest (*Penziner* v. *West American Finance Co.,* 133 Cal.App. 578, 590 [24 P.2d 501]). ■ Here the delay in receiving the loan proceeds was due to Cook's own failure in providing title to the land he had agreed would secure the loan. The agreement was signed and the money deposited to his account on January 26, 1966. In determining whether the loan was usurious, Cook should be considered to have received the money on that date. (*McDougall* v. *Hachmeister,* 184 Ark. 28 [41 S.W.2d 1088-1090].) Under the circumstances, the delay in paying over the loan proceeds to Cook did not make the loan usurious.

■ Cook's main contention on appeal concerns the compound interest provision of the note and the propriety of the court's decree reforming the note by deleting the provision. ■ Where, as here, a note provides for the monthly payment of interest at the maximum legal rate, the provision that the interest not so paid "shall be added to the principal and thereafter bear like interest as the principal" makes the note usurious. "[W]here interest is compounded *annually* at the maximum rate after default, the sum charged as interest for any one year will not exceed the maximum rate upon the amount of money owed at the commencement of the year, but the sum charged will exceed that rate if the interest is compounded at shorter intervals." (*Heald* v. *Friis-Hansen,* 52 Cal.2d 834, 840 [345 P.2d 457].) All parties concede the note as originally drafted was usurious on its face.

Relying on *Martin* v. *Kuchler,* 212 Cal. 536 [299 P. 52] and *Denny* v. *Hartley,* 154 Cal.App.2d 304 [315 P.2d 893], and the cases cited therein, Cook contends the trial court erred in admitting evidence of the parties' lack of intent to violate the usury law because the note was usurious on its face. The cases stand for the proposition urged, but are inapposite to the present case. In none of them was the question of reformation of the agree-

ment before the court, and in none was it contended, as it is here, that the particular provision in question, neither requested nor intended by the parties, found its way into the instrument through the error and inadvertence of the third party who drew it. ■ Manifestly, where reformation of an instrument is under consideration, inquiry to ascertain the true intent of the parties is not only permissible but essential. Civil Code section 3401 provides: "In revising a written instrument, the court may inquire what the instrument was intended to mean, and what were intended to be its legal consequences, and is not confined to the inquiry what the language of the instrument was intended to be."

■ In any event, the precise question raised by Cook has been decided adversely to him in *Strauss* v. *Bruce,* 139 Cal.App. 62 [33 P.2d 71], where a scrivener by mistake incorrectly copied from a printed form and thus inserted a usurious provision in a contract contrary to the agreement and true intent of the parties. The court reformed the note by deleting the objectionable provision. At page 66 the court said: "Section 3399 of the Civil Code provides that, when through fraud or the mutual mistake of the parties, or the mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised to express that intention; and where it is shown that due to a mistake of the scrivener a writing does not set forth the true contract which the parties had made, relief by way of reformation may be granted. . . ."

Many other cases in California have held a scrivener's mistake in reducing the intent of the parties to a writing is ground for reformation. (*California Pac. Title Co.* v. *Moore,* 229 Cal.App.2d 114 [40 Cal.Rptr. 61]; *Mills* v. *Schulba,* 95 Cal.App.2d 559 [213 P.2d 408].) (See also 42 Cal.Jur.2d, Reformation of Instruments, §§ 10, 22.)

Cook next challenges the sufficiency of the evidence to support the find-ings (1) all parties intended the note to bear interest not to exceed the maximum permissible rate, and (2) use of the compound interest provision in the note resulted from a mutual mistake of fact on the part of First American, Cook and Stewart. Both findings are supported by substantial evidence. The finding the parties intended the note to bear interest not to exceed the maximum permissible legal rate is supported by the presumption found in Civil Code section 3400 which reads: "For the purpose of revising a contract, it must be presumed that all the parties thereto intended to make an equitable and conscientious agreement."

In addition, the testimony of Stewart directly supports the finding, and Cook himself testified he intended to enter into a legally binding transaction

and that he relied on First American's ability to prepare the note and other documents in a legal manner.

The finding the compound interest clause resulted from a mutual mistake of fact by First American, Stewart and Cook is supported by the testimony of First American's escrow agent, Stewart and Cook. It finds added support in the original escrow instructions which make no mention of the compound interest provision and in the fact the subject of compound interest was never discussed by any of the parties. It is obvious from the record the inclusion of the compound interest sentence in the note was due to First American's error, pure and simple, in selecting the wrong printed form for use.

Civil Code section 3399 in effect provides a "party aggrieved" may bring suit to reform an instrument based upon fraud or mistake. Cook asserts First American is not a "party aggrieved" within the meaning of the section and thus lacked standing to seek reformation of the note. Stewart's contention First American was responsible for the error in the note and liable for any damages which would result by reason of it, would seem to clothe First American with sufficient interest in the controversy to give it standing to sue to rectify the error through reformation. (See *California Pac. Title Co.* v. *Moore, supra,* 229 Cal.App.2d 114.) However, we need not decide the issue on that basis. ■ Stewart, unquestionably a "party aggrieved" by the mistake which had been made, cross-complained to reform the note by deleting the same objectionable clause on the ground of mutual mistake. The trial court's findings of fact would support a judgment for reformation of the note on Stewart's cross-complaint as well as upon First American's complaint. Assuming appellant's point were well taken, it would not benefit him for this court to reverse. We would be required to instruct the trial court to enter judgment reforming the note upon the cross-complaint rather than the complaint. Even if error occurred, this court should not reverse where it is apparent reversal would not affect the ultimate result. (*McPhail* v. *Buell,* 87 Cal. 115, 116 [25 P. 266]; 4 Cal.Jur.2d, Appeal and Error, § 660, p. 542.)

Our holding makes it unnecessary to discuss Stewart's contention the appeal has become moot.

The judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.