19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ATLANTIC MUTUAL INSURANCE COMPANIES, Plaintiff-Appellees,
v.
BELL MORTUARY, INC.; Cyril Chern, Defendants-Appellants,
and
Philip Puritsky; David Durant, Defendants.
 No. 92-16016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided March 11, 1994.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM,*
 
 
 2
 Bell Mortuary ("Bell") and Cyril Chern ("Chern") appeal the district court's declaratory judgment that Atlantic Mutual Insurance Company ("Atlantic") had no duty to defend them. They argue that Atlantic waived its right to assert noncoverage when it failed to specifically include that defense in its reservation of rights. Bell and Chern also contest the district court's finding that they were not covered under White's Mortuary's insurance policy, and the district court's reformation of the insurance policy deleting Bell and its corporate officers as named insureds. We affirm.
 
 I.
 
 3
 Bell owned White's Mortuary. Chern and Philip Puritsky ("Puritsky") were corporate officers of Bell and White's Mortuary Inc. ("White's Mortuary") before it was sold. Bell and its corporate officers were named insureds of White's Mortuary's insurance policy issued by Atlantic. Bell sold White's Mortuary to David Durant ("Durant"). After the sale, Durant paid the premiums for White's Mortuary's insurance policy, but inadvertently failed to delete Bell and its corporate officers as named insureds.
 
 
 4
 Several months after the sale, Chern and Puritsky attempted to retake possession of White's Mortuary. They claimed that the sale of White's Mortuary had not closed, and that they therefore continued as corporate officers of White's Mortuary. Chern and Puritsky, on behalf of White's Mortuary, filed a criminal complaint against Durant for misusing certain insurance proceeds. In a declaratory relief action filed by Durant, the Los Angeles Superior Court determined that Durant was the owner of White's Mortuary.
 
 
 5
 Durant also filed an action in the Santa Cruz County Superior Court alleging that he had been defamed by Chern and Puritsky in connection with the reports they had made to the police about his conduct in operating White's Mortuary. Chern and Puritsky contacted Atlantic and demanded that it tender defense as provided under the terms of White's Mortuary's insurance policy. Atlantic tendered defense under a reservation of rights, and filed this declaratory judgment action in federal district court seeking a determination of the extent of its duty to defend Bell, Chern and Puritsky. The district court determined that Bell, Chern and Puritsky were not covered under White's Mortuary's insurance policy. Only Bell and Chern appeal.
 
 II.
 
 6
 As a preliminary matter, we note that both Bell and Chern filed a timely notice of appeal. However, the district court found that because of the suspension of Bell's corporate charter, it could not and did not appear in the action. Bell has neither argued nor demonstrated that the district court's order of default judgment was in error. Accordingly, we find that Chern is the only proper party to this appeal.
 
 III.
 
 7
 Chern first argues that he is entitled to coverage under White's Mortuary's insurance policy because Atlantic waived its right to assert noncoverage when it failed to include that defense in its reservation of rights letter. We disagree.
 
 
 8
 Chern's waiver argument is made for the first time on appeal. As a general rule, we do not consider issues raised for the first time on appeal, Pacific Express, Inc. v. United Airlines, Inc., 959 F.2d 814, 819 (9th Cir.), cert. denied, 113 S.Ct. 814 (1992), and Chern's newly raised waiver argument does not fit into any of the exceptions.[1]
 
 
 9
 Moreover, Chern's waiver argument fails on the merits. "In cases where waiver has been found, there is generally some element of misconduct by the insurer or detrimental reliance by the insured." Intel Corp. v. Hartford Accident and Indemnity Co., 952 F.2d 1551, 1559 (9th Cir.1991). Chern does not show how he relied to his detriment or point to any evidence of misconduct on the part of Atlantic. "Prejudice exists where the insured, in reliance on the insurer's defense under the policy, fails to retain an attorney, fails to negotiate a settlement, and fails to deal directly with the opposing party or counsel." Insurance Co. of the West v. Haralambos, 241 Cal.Rptr. 427, 433 (Ct.App.1987). Chern chose and retained his own counsel. Other than having to pay for his own legal expenses, there is no evidence that Chern's defense was in any way prejudiced by Atlantic's noncoverage claim. Furthermore, there is no indication of any misconduct on the part of Atlantic. There is no evidence that Atlantic attempted to "sandbag" or intentionally mislead Chern with a belated announcement of a noncoverage defense. Atlantic's delay in raising a noncoverage defense in this case, standing alone, is not proof of misconduct.
 
 IV.
 
 10
 Chern next argues that he is entitled to coverage and a defense under White's Mortuary's insurance policy because his actions after he retook possession of White's Mortuary were taken as its owner, even though in fact, he was not actually the owner. We disagree.
 
 
 11
 The district court found that Bell, Chern and Puritsky were not corporate officers of White's Mortuary, that Durant did not intend to continue Bell and its corporate officers as named insureds of White's Mortuary's insurance policy, and that Bell and its corporate officers continued as named insureds only because of an inadvertent error. From these facts, the district court concluded that Bell, Chern and Puritsky were not covered under White's Mortuary's insurance policy and that Atlantic was under no obligation to provide them with a defense.
 
 
 12
 We find no error in any of the district court's findings or conclusions in this regard. The fact that Chern erroneously believed that he was the owner of White's Mortuary and took actions based on that belief does not entitle him to coverage and a defense under White's Mortuary's insurance policy.
 
 
 13
 Moreover, Chern's reliance on "automobile" cases to support his argument that he had an insurable interest is misplaced. True, a person need not own a particular automobile to have a sufficient insurable interest to purchase liability insurance. See Riley v. Mid-Century Ins. Exchange, 173 Cal.Rptr. 257, 260 (Ct.App.1981). Indeed, some jurisdictions have even held that a car thief has a sufficient interest. Gulf Ins. Co. v. Winn, 545 S.W.2d 526, 527-28 (Tex.Civ.App.1976). However, Chern never purchased liability insurance; he relies completely on the insurance policy for which White's Mortuary paid the premiums. Because Durant owned White's Mortuary, Chern's argument is like a car thief arguing that he is entitled to coverage and a defense under the liability insurance policy purchased by the owner of the stolen car. The cases cited by Chern do not define insurable interest in such broad terms, and we decline to do so here.
 
 V.
 
 14
 Finally, Chern argues that the district court improperly reformed White's Mortuary's insurance policy when it deleted the names of Bell and its corporate officers as named insureds. Because Chern was not covered under White's Mortuary's insurance policy, the district court's reformation, whether proper or improper, would not affect the ultimate outcome. Because an improper reformation should not be reversed when it is apparent that reversal would not affect the ultimate outcome, First American Title Ins. & Trust Co. v. Cook, 90 Cal.Rptr. 645, 649 (Ct.App.1970), we affirm the district court's reformation without deciding whether it was proper.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The exceptions include: (1) "when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process;" (2) "when a new issue arises while appeal is pending because of a change in law;" or (3) "when the issue is purely one of law and the necessary fact are fully developed." Romain v. Shear, 799 F.2d 1416, 1419 (9th Cir.1986), cert. denied, 481 U.S. 1050 (1987)