**WESTERN FEDERAL SAVINGS & LOAN ASSOCIATION,**
Plaintiff,

v.

**HEFLIN CORPORATION,**
et al., Defendants.

**No. C 91–20452 JW.**

United States District Court,
N.D. California.

July 17, 1992.

Thomas H. Squeri, Pettit & Martin, San Jose, Cal., for plaintiff.

Ernest L. Miller, Miller, Domino & Ackerman, San Jose, Cal., for defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

WARE, District Judge.

Plaintiff Western Federal Savings & Loan Association ("Western Federal") brings this motion for summary judgment on the first and second causes of action of the complaint. The Court having read and considered the papers submitted by the parties, having heard oral argument, and good cause appearing hereby GRANTS Plaintiff's motion for summary judgment.

## BACKGROUND

Defendant Heflin Corporation ("Heflin") purchased land in the early 1980's for the development of an eighty-unit condominium complex, Cedar Terrace Condominiums ("Cedar Terrace"). Bell Savings & Loan ("Bell"), the predecessor-in-interest to Western Federal, provided construction financing for the project. Heflin signed a Note and granted Bell a First Deed of Trust on the land.

In the mid–1980's Bell and Heflin restructured the loan. As part of the new agreement, Heflin conveyed Cedar Terrace by five Grant Deeds to five limited partnerships, Bascom Avenue Associates, Cedar Terrace Associates, the Cala Group, Heflin Group, and TR Associates ("Partnerships"). Bell canceled Heflin's Note and First Deed of Trust and received new Notes and new First Deeds of Trust encumbering the Partnerships.

In 1986 Bell filed an action in Santa Clara County Superior Court seeking judicial foreclosure and appointment of a receiver to collect rents pending foreclosure. Heflin and the Partnerships cross-complained for breach of the loan commitment agreement, fraud and bad faith. On March 30, 1986, the state court appointed a receiver to collect rents. Pursuant to a settlement reached in 1989, the parties signed and executed a general release ("Release") of all claims.

Western Federal obtained Cedar Terrace through a credit bid at the 1990 foreclosure sale. Western Federal has attempted to sell Cedar Terrace to a third-party but has been unable to obtain title insurance because of what it claims is a scrivener's error in the legal descriptions of the land in the Grant Deeds. According to Western Federal, Heflin and the Partnerships claim to own the exterior walls and roofs of Cedar Terrace. Western Federal filed this action for reformation, quiet title, indemni-

ty and declaratory relief on July 12, 1991 in the Santa Clara County Superior Court. The action was removed to this Court on July 31, 1991.

## DISCUSSION

### I. Judicial Notice

Plaintiff requests that the Court take judicial notice of the following: (1) the entire state court file in action no. 599435 (consolidated), involving the judicial foreclosure action filed by Western Federal against Heflin and the Partnerships, including the complaints filed by Western Federal, the answers of Heflin and the Partnerships; and the initial order appointing receiver; and (2) certain documents contained in the public records of the Santa Clara County Recorder including the five Deeds of Trust issued by T.D. Service Company to Western Federal and the Declaration of Covenants, Conditions, and Restriction of the Cedar Terrace Condominiums. As the accuracy of these records are not subject to reasonable dispute, the Court takes judicial notice of the same. Fed.R.Evid. 201.

### II. Standard For Summary Adjudication

Rule 56(d) of the Federal Rules of Civil Procedure provides that on a motion for partial summary judgment of the issues, the court is to, if practicable, "ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." Summary adjudication of an issue is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment on that issue as a matter of law. Fed.R.Civ.P. 56(c).

The party opposing summary judgment has the burden of presenting evidence sufficient to support a jury verdict in his favor on every essential element of the claim on which he carries the burden of proof. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261, 106 S.Ct. 2505, 2517, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*

*Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First National Bank of America v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

### III. Reformation

Plaintiff contends that the Grant Deeds and Deeds of Trust as written do not reflect the true intent of the parties.

■ Under California Civil Code ("Civ. Code") section 3399, a written contract may be revised to express the true intention of the parties when through fraud or mistake, the contract as written does not express the true intentions of the parties. *Also see California Pacific Title Co. v. Moore,* 229 Cal.App.2d 114, 40 Cal.Rptr. 61 (1964). The party seeking relief must prove the true intent of the parties by clear and convincing evidence. *Shupe v. Nelson,* 254 Cal.App.2d 693, 62 Cal.Rptr. 352, 357 (1967).

■ Here, Western Federal offers the following evidence in support of reformation: (1) The deposition testimony of Timothy Trailer, Heflin's President during the relevant time period, in which he states that he never communicated his intent to transfer less than Heflin's entire interest to the Partnerships (Trailer Dep. at 26:3–16, Ex. A. to Squeri Decl.); (2) The declarations establishing Cedar Terrace which prohibit the separate ownership of the common areas of the building from ownership of the individual units (Decl. of Covs. 2.03 at 2.1, Ex. I, Request for Judicial Notice); (3) Trailer's deposition testimony that Heflin never displayed any indicia of property ownership over any portion of Cedar Terrace after the transfer of its interest to the Partnerships (Trailer Dep. at 34:9–17, 37:19–26, 38:1–15, 39:2–4, 42:18–22, 52:13–26, 53:1–9); and, (4) section 1362 of the California Civ.Code which prohibits the separation of ownership of the common areas in Common Interest Developments.

Heflin, on the other hand, contends that genuine issues of fact remain, precluding entry of judgment against it. Heflin con-

tends that: (1) a genuine issue of fact exists as to what instructions were given to the deed preparer; and, (2) a genuine issue of fact exists as to what discussions took place between Bell and Heflin.

On summary judgment, the opposing party may not rest on the allegations in its pleadings but must come forth with evidence sufficient to create a genuine issue of *material* fact. In this case, Heflin has not offered evidence sufficient to create a genuine triable issue of fact.

Robert Cavallaro, the custodian of records for the Santa Clara Land Title Company ("Title Company") states that the records do not reflect any instructions from Heflin or any other party to the escrow directing the Title Company to prepare conveyancing documents describing anything less than Heflin's full interest in the property. (Cavallaro Decl. ¶ 5).[1] In addition, while Heflin argues that a genuine factual issue exists as to what Bell and Heflin discussed regarding the conveyance, Heflin's President stated under oath that the parties never discussed the possibility of Heflin retaining an interest in the property. (Heflin Dep. at 26:3–16). Although he now claims that Heflin "intended to retain as much interest in the property as possible to protect Heflin's interest," Heflin Dep. at 32:10–20, he never communicated those intentions to Bell. (Heflin Dep. at 26:3–16).

■ The Court in construing the language of the contract will enforce the outward expression rather than the unexpressed intention of the parties. *See, e.g., Edwards v. Comstock Ins. Co.,* 205 Cal. App.3d 1164, 252 Cal.Rptr. 807 (1988). The Court must conclude that if the parties intended to exclude the roofs and exterior walls, such an extraordinary conveyance would have been recorded. The undisputed evidence supports Plaintiff's contention that the parties intended that Heflin convey its entire interest to the Partnerships. Accordingly, the Court reforms the Grant Deeds and Deeds of Trust to express the true intention of the parties.

## IV. *Quiet Title*

■ Western Federal argues that the reformed Deeds of Trust entitles it to quiet title against Heflin, the Partnerships, and a judgment quieting title against all named defendants except Santa Clara Land Title Company who claims no interest in the property.

California Code of Civil Procedure ("Civ. Proc.Code") section 764.010 provides that the court shall examine and determine the plaintiff's title against the claims of all the defendants.

Here, Western Federal obtained title and possession of Cedar Terrace through a non-judicial foreclosure sale in 1990. Based upon the reformed Grant Deeds and Deeds of Trust, the Court finds that Western Federal has a valid claim to title to Cedar Terrace free and clear of all junior interests and encumbrances.

Therefore, pursuant to California Civ. Proc.Code section 764.010, title in the name of Western Federal Savings & Loan Association is quieted against Heflin and the Partnerships, against all named defendants (except for Santa Clara Land Title Company) and the unknown defendants named pursuant to California Civ.Proc.Code section 762.020.[2]

## V. *Release Agreement*

■ Defendant Heflin argues that the Release Agreement releases and waives Plaintiff's present claims and bars recovery in this action.

California Civ.Code section 1541 provides that "an obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration." As a general rule, "[a] general release does not extend to claims which the

---

**1.** Heflin objects to Cavallaro's declaration citing the best evidence rule. However, the best evidence rule does not apply to testimony that books or records have been examined and found not to contain a reference to a particular matter. *See* Fed.R.Evid. 1002 advisory committee's note.

**2.** The unknown defendants have been served by publication pursuant to an Order of this Court.

creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Cal.Civ.Code § 1542.

In 1989 the parties executed a settlement agreement and general release of claims in the 1986 state court action. The parties expressly waived the protection of California Civ.Code section 1542. Defendants argue that by the terms of the Release, Western Federal is barred from seeking reformation of the descriptions of the property contained in the Grant Deeds and Deeds of Trust.

The Court finds that Defendants have not raised a genuine issue of fact and that Western Federal is entitled to judgment as a matter of law. California Civ.Code section 1643 guides the Court in interpreting the language of a contract. It provides that "a contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, ..." Cal.Civ.Code § 1643.

In the present action, Western Federal seeks to reform Grant Deeds made and delivered by Heflin to the Partnerships in 1984. Reformation of written instruments are equitable actions which merely revise the written contract to conform with the intent of the parties. As such, it does not represent a new action arising out of the 1986 litigation. Therefore, the Court finds that the present action in equity to clarify title to the property is not barred by the release agreement.

VI. *One–Action Rule*

■ Heflin and the Partnerships claim that the state court's appointment of a receiver to collect rents and profits violated the "one-action rule" of California's Civ. Proc.Code section 726. Western Federal moves for judgment on the cross-complaint.

Under Cal.Civ.Proc.Code section 726 there can be but one form of action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real property. Defendant argues that because of the security first rule, a creditor may not set off a depositors account for the debt and foreclose on the property.

■ An action which is filed only for specific performance of the rents and profits clause in a deed of trust without foreclosure of the lien, may violate section 726. *Great American First Savings Bank v. Bayside Developers*, 232 Cal.App.3d 1546, 284 Cal.Rptr. 194 (1991); *but see In re 500 Ygnacio Assoc., Ltd.*, 141 B.R. 191 (Bankr. N.D.Cal.1992). In this case, however, the state court in 1986 appointed a receiver to collect rents in a *pending* foreclosure action. As the court in *Bayside* did not consider whether section 726 is triggered when a receiver has been appointed in a pending foreclosure action, the Court finds that *Bayside* does not apply to the facts of this case.

■ Western Federal argues that even if the one-action rule applies, Heflin waived and released any defense based on the one-action rule. Heflin expressly asserted as an affirmative defense in the 1986 state court action that the complaint was barred by section 726. (Ans. ¶ M, Ex. B, Request for Judicial Notice). Heflin now argues that the Release refers to judicial foreclosures but does not extend to the 1990 non-judicial foreclosure of Cedar Terrace. By its terms, the Release signed by the parties encompassed existing claims as well as future claims arising out of that action. Therefore, the Court finds that Heflin waived and released any defense based on the one-action rule.

CONCLUSION

Accordingly IT IS ORDERED that:

1. Summary judgment is granted in favor of Plaintiff Western Federal on the first and second causes of action of the complaint.

2. The five corporation Grant Deeds recorded on or about December 31, 1984, and made by defendant Heflin Corporation and delivered to defendants Bascom Avenue Associates, Cedar Terrace Associates, the Cala Group, Heflin Group, and TR associates, are adjudged reformed, *nunc pro tunc*, to reflect the intentions of the parties

to convey all of Heflin Corporation's right, title, and interest in and to the Cedar Terrace Condominium Project to the grantees named in the Grant Deeds.

3. The five Deeds of Trust recorded on or about December 31, 1984, and made by Bascom Avenue Associates, Cedar Terrace Associates, the Cala Group, Heflin Group, and TR Associates, and delivered to Bell Savings & Loan Association, are adjudged reformed, *nunc pro tunc*, to express the intention of the parties to grant to Bell Savings & Loan Association a security interest in and to all of the property described in Exhibit A to this Order. The Deeds of Trust, as reformed, are adjudged to include the legal description attached as Exhibit A.

4. Pursuant to California Code of Civ. Proc. section 764.010, title in the name of Western Federal Savings & Loan Association is quieted as against all defendants named in the complaint, and against all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in Exhibit A adverse to Plaintiff's title, or any cloud upon Plaintiff's title.

5. Judgment is awarded in favor of Western Federal Savings & Loan Association of the counterclaim (described as a cross-complaint) of Defendants Heflin Corporation, Bascom Avenue Associates, Cedar Terrace Associates, The Cala Group, Heflin Group, TR Associates, and Timothy O. Robbins, and the counterclaim is hereby dismissed.

IT IS SO ORDERED.

### EXHIBIT A

All that certain real property situate in the City of San Jose, County of Santa Clara, State of California, described as follows:

PARCEL ONE:

An undivided $^{45}/_{80}$ths interest in and to the Common Area of Lot 1, as said lot is shown upon that certain map entitled "TRACT NO. 7399" recorded March 23, 1983, in Book 510 of Maps, Official Records of Santa Clara County at Pages 25 and 26, and as said Common Area is defined in that certain Declaration of Covenants, Conditions and Restrictions of Cedar Terrace Condominiums A Condominium Project recorded October 27, 1983, in Book I016, Official Records of Santa Clara County at Page 476, and the amendments thereto recorded April 30, 1984, in Book I498, Official Records of Santa Clara County at Page 479, May 17, 1984, in Book I550, Official Records of Santa Clara County at Page 256, and June 21, 1984, in Book I649, Official Records of Santa Clara County at Page 577 (the "Declaration").

PARCEL TWO:

Unit Nos. 101–103, 105–107, 109, 208, 301, 303, 305, 401, 405–407, 501, 504–507, 601, 607, 701, 703, 705–707, 801, 803, 805–812, 901, 903–907, 909, and 910 (the "Units"), as said Units are shown on that certain Condominium Plan Cedar Terrace which is attached as Exhibit "A" to the Declaration (the "Condominium Plan").

PARCEL THREE:

An exclusive easement for the use and possession of those portions of Parcel One shown on the Condominium Plan as the Balconies and the Patios adjacent to the Units and bearing numbers corresponding to those of the Units, in accordance with and subject to the Declaration.

PARCEL FOUR:

An exclusive easement for the use and possession of those portions of Parcel One shown on the Condominium Plan as S1–S3, S5–S7, S10, S19, S20, S22, S24, S28, S32–S34, S36, S39–S42, S44, S51, S53, S55, S57–S59, S61, S63, S65–S70, S72–S74, S76–S80, S82, and S83 (Storage Spaces), in accordance with and subject to the Declaration.

PARCEL FIVE:

An exclusive easement for the purpose of parking passenger motor vehicles on those portions of Parcel One shown on the Condominium Plan as 11, 12, 15, 16, 19, 20, 23–28, 31, 34–38, 43–52, 54–61, 63, 64, 67–71, 75, 76, 83, 84, 91–96, 108, 109, 116, 117, 122, 123, 125, 127, 130–133, 135, 137–150, 155, 156, 163–166, 168, 169, 171, and 172 (Parking Spaces), in accordance with and subject to the Declaration.

EXCEPTING from said real property and reserving all easements and rights set forth in the Declaration.